## Commonwealth *against* Evans.

The non-payment of a debt by an administrator is not such a breach of the condition of his administration bond as will enable the creditor to sue it and recover his debt, without a previous suit fixing the administrator with a *devastavit*.

ERROR to the district court of *York* county.

This was an action of debt upon an administration bond given by the defendant, *John Evans*, esquire, upon taking out letters of administration on the estate of *F. M. Wadsworth*, esquire, deceased. The suit was brought on the 3d of November 1831 ; and the breach of the condition of the bond alleged by the plaintiff was, the non-payment of a debt owing by the deceased, *F. M. Wadsworth*, esquire, to *Thomas Relly*, esquire.

The plaintiff, to support the issue on his part, gave in evidence the record of a suit, No. 29, May term 1830, *Relly* v. *Evans, Administrator of Wadsworth;* report of arbitration thereon for plaintiff for 100 dollars; appeal by plaintiff; 21 October 1831, case stated, and judgment for defendant ; writ of error by plaintiff, and, 6 June 1832, judgment reversed, and judgment for plaintiff for 150 dollars.   Also the administration account of *Evans*, administrator of *Wadsworth*, settled 3 March 1831, showing a balance of 3675 dollars and 41 cents in the hands of accountant.

The defendant then proved that he was advised by counsel to make defence in the case of *Relly* v. *Evans, Administrator of Wadsworth;* that it was litigated before arbitrators in the district and supreme court while the present suit was pending.   To this evidence the plaintiff demurred, and the defendant joined in the demurrer, which gave rise to the question, whether the plaintiff was entitled to recover upon the evidence given in this suit.   The district court was of opinion, that the plaintiff was not entitled to recover ; and gave judgment for the defendant, which was the subject of the assignment of error in this suit.

*Durkee*, for plaintiff in error, cited, *Gord. Dec.* 293 ; 1 *Salk.* 316.

*Hambly* and *Gardner*, contra, cited, 4 *Johns. Cha. Rep.* 628; 5 *Binn.* 140 ; 13 *Johns. Rep.* 440 ; 5 *Dane* 261 ; 16 *Mass.* 524 ; 1 *Munf.* 31 ; *Halstead* 195 ; 9 *Serg. & Rawle* 67 ; 13 *Serg. & Rawle* 238 ; 1 *Johns. Rep.* 311 ; 8 *Mass.* 488.

The opinion of the Court was delivered by
GIBSON, C. J.—The condition alleged to have been broken, is the

[Commonwealth v. Evans.]

second in the series as prescribed by the legislature, to wit, that the administrator will well and truly *administer according to law* the goods, chattels and credits of the deceased, which shall come to his hands ; and we are called upon to give these words an original judicial construction.    It was indeed said in *Yard* v. *Lea's Administrators,* 3 *Yeates* 345, that the bond is a security for creditors as well as the next of kin ; but without intimating the nature of this particular condition, or of its breach.    The construction seems to have been different in England, where it was at one time held, that the clause in question extends but to the bringing in of an account, and not to the payment of debts ; consequently, that a creditor may not have the bond assigned to him, and allege non-payment of his debt, or a *devastavit* as a breach of it.    *Archbishop of Canterbury* v. *Wills,* 1 *Salk.* 315.    And in *Wallis* v. *Ripon, Amb.* 183, it was held by Lord *Hardwicke,* that none but the next of kin can sue on an administration bond given pursuant to the 22d and 23d *Car.* 2, from which our statute is taken ; though it was admitted to be otherwise in respect to the bond given by an administrator *pendente lite.*    These cases, however, seem to have been overruled in the *Archbishop of Canterbury* v. *House, Cowp.* 141, where it was determined, that an action may be maintained by a creditor as well as the next of kin.    How the breach of the condition was assigned, does not distinctly appear ; but the nature of it may be conjectured from the remark of Lord *Mansfield,* that the administrator had attempted to defeat the creditors by " all sorts of chicane, delay and false pleading"—matters that constitute a clear *devastavit.*    In Pennsylvania, the precise meaning of the clause in question has not been judicially determined, and it is now to be fixed by a recurrence to general rules of construction.

It is a cardinal principle that contracts are to be expounded as the parties themselves expounded them ; and the meaning of the parties is presumed to be the meaning assigned to the same sort of contracts by the rest of the world.    Where a particular interpretation has been universal, it ought to govern, though it be irreconcilable to the legal effect of the letter ; as in the case of a policy of insurance or a mortgage.    What then is the effect universally ascribed to this condition by the profession and the people ?    No surety in an administration bond ever agreed to contract an absolute instead of a contingent liability, or supposed that he subjected himself to immediate recourse as a principal debtor.    That this assertion is borne out by the popular and professional understanding, will not be disputed by those who are familiar with the business of the register's office ; indeed its truth is proved by the very fact, that in no instance but the present has there been an attempt to recover on proof of any thing less than a *devastavit.*    And this understanding was the understanding of the legislature, who evidently designed to do no more than enlarge the field of personal recourse, by adding the responsibility of a surety to the existing responsibility of the administrator ; without changing the quality or condition of it at the common law, which turns the contin-

[Commonwealth v. Evans.]

gent liability of an administrator, as well as of an executor, into an absolute one, only as a penalty for a *devastavit*.   Why then should a surety be held to harder terms than the common law had imposed on his principal, whose body or estate could not be subjected to satisfaction before it were judicially ascertained that the assets were no longer to be reached by an execution ?   That such was not the object of the legislature, is manifest from the provisions in respect to the additional bond exacted in certain cases of delinquency by the act of 1797 ; an action on which is required to be preceded by a return of *nulla bona* on an execution against the executor or administrator in his representative character.   Not only therefore does the object and reason of the statute define the meaning of the particular clause, but the limit assigned to the contract of the surety in a parallel case equally indicates the legislative intent ; and with the principle extracted from these sources, the decisions on the subject in our sister states, are entirely consistent.   In *Robbins* v. *Haywood,* 16 *Mass.* 127, it was held, that a creditor whose debt has been but barely ascertained by a judgment, may be permitted to sue the administration bond ; but the contest had respect rather to the disclosure of such an interest in the assets as entitled the plaintiff to intermeddle, than to what constituted a breach of the bond : besides, the conditions prescribed by the statute of Massachusetts seem to be different from ours.   In the *People* v. *Dunlap,* 13 *Johns.* 440, where the words of the condition were the same as they are here, the statute of New York also having been taken from the 22d and 23d *Car.* 2, there had been a previous execution and return of *nulla bona.*   And in *Gordon's Administrators* v. *The Justices of Frederick,* 1 *Munf.* 1, as well as in several other cases in Virginia, it was determined that no action could be maintained on an administration bond for a breach of this condition, without a previous suit fixing the administrator with a *devastavit.*   What then is the evidence of a breach here ?   The plaintiff showed the record of an action by a creditor against the administrator, which, at the inception of the present suit, had been decided by the district court in favour of the administrator, and was depending in this court on a writ of error ; and he showed no more. Could it, under these circumstances, be a *devastavit,* or even an indelicacy to withhold payment till the right were determined by the court of the last resort ?   Assuredly the situation of the administrator called for circumspection, and the law is not so unreasonable as to require him to act at his peril, and with a promptness that would be precipitation in any other transaction.   The evidence, therefore, failed to show a breach of the condition, and the demurrer was properly sustained.

Judgment affirmed.