## The Commonwealth *against* Wenrick.

Whenever an executor (who has given security) or an administrator, absconds, conceals himself or resides beyond the jurisdiction of the court, an action will lie on his official bond against the surety without recourse in the first instance to the principal.

ERROR to the common pleas of *Dauphin* county.

The Commonwealth, for the use of William Rutherford and Wife, against Peter Wenrick's Administrators. John Hill, being the executor of John Wilson, deceased, an application was made to the orphans' court in pursuance of the act of the 4th of April 1797, to compel him to give security; and he thereupon entered into a bond, in the penalty of 5000 dollars, with Peter Wenrick, the defendant's intestate, as his security, for the faithful administration of the assets. This was an action of debt on that bond by a legatee under the will of John Wilson, deceased, to recover the amount of a legacy. The plaintiff, on the trial, proved that John Hill had received assets of the estate, and removed to the state of Ohio, and there died insolvent. That a citation had been served upon him there in his lifetime to appear and settle an administration account, but none was

ever settled. The court below instructed the jury that the plaintiff could not recover, without first showing that there had been a suit against the principal, and that no recovery could be had from him. Verdict and judgment for the defendant.

*M'Clure*, for plaintiff in error, cited 8 *Serg. & Rawle* 133; 2 *Rawle* 191; 3 *Bin.* 557; 4 *Watts* 169.

*Krouse* and *Roberts*, *contra*, cited 1 *Watts* 437; 1 *Yeates* 553; *Cowper* 140.

The opinion of the Court was delivered by

ROGERS, J.—In Commonwealth *v.* Evans, 1 *Watts* 437, it is decided that the non-payment of a debt by an administrator, is not such a breach of the condition of his administration bond as will enable the creditor to sue it and recover his debt, without a previous suit, charging the administrator with a *devastavit*. After the decision in Yard *v.* Lee's Administrators, 3 *Yeates* 345, it has never been doubted that the bond is a security for creditors as well as legatees and the next of kin. In this case the bond is, in all respects, similar to a bond given by an administrator with the will annexed, and is liable to the same conditions, constructions and limitations as an administration bond given by the administrator of an intestate's estate. It is a security for the payment of the debts and for the faithful execution of the will of the testator. In the case cited, which cannot be distinguished from the present, so far as it involves the rights of creditors, it is held, that the liability of the surety is not absolute, but contingent, and that before suit can be brought against the surety on the bond, the creditor must proceed against the administrator, and fix him personally for the debt, with a *devastavit*. It must be observed that this case is ruled on general principles, and the effect universally ascribed to the condition of the bond, by the profession and the people. It is truly said, "that no surety in an administration bond ever agrees to contract an absolute instead of a contingent liability, or supposed that he subjected himself to immediate recourse, as a principal debtor." And this remark applies as well to a legatee as a creditor. It seems to me that a distinction between them will be throwing a burthen upon sureties never contemplated by the parties, and contrary to the general understanding. A legacy is only recoverable against the executor when it is due, and when there are sufficient assets in his hands to discharge the debts of the testator. And when there are assets to discharge all the debts, and there is an overplus, but not sufficient to discharge all the legacies, there is to be an abatement in proportion to the legacies so given, unless it shall be otherwise provided by the will. It is, therefore, a contingent and not an absolute liability on the part of the surety, and comes within the reason of the decision in regard to creditors. When the right

of the legatee to demand payment from the executor is determined by due course of law, then it becomes an absolute debt for which the surety is liable on his bond.

The third and fourth sections of the act of the 21st of March 1772, an act for the more easy recovery of legacies, also has reference to a suit against the executors. In the third section it is provided, that where the said action (that is, action against the executors) shall be commenced upon a plea of the want of assets to pay all the debts and legacies, the respective courts shall appoint auditors to examine the accounts of the executors or administrators, who shall report how the accounts of the executors do stand, &c. And in the fourth section, that no suit shall be maintained until seasonable demand shall be made of the executor or executors, &c., who ought to pay the same, &c., and an offer made of two sufficient sureties. It would seem that these look to a proceeding against the principal before you can resort to the surety. Nor can I see any thing which places legatees in a better situation than creditors, nor is there any thing which should subject the surety to a suit in the case of a legatee more than in that of a creditor. The bond is joint and several, and it would be unreasonable to subject the surety to suit until it is determined in a suit against the executor that the legacy is due and unpaid, and that assets went into the hands of the executor sufficient for its discharge, after payment of all the debts. These are matters within the knowledge of the executor, with which it is impossible that the surety can be acquainted. After judgment against the executor, the surety would be liable on the bond; for the law, where there are assets, implies a promise to pay, and renders the executor personally liable. As he is liable *de bonis propriis*, no further proceedings are necessary to maintain suit against the surety, and hence a judgment, and nothing more, will authorise an action against the surety on the bond. Even in the case of a creditor, it is held, in Rollins *v.* Hayward, 16 *Mass. Rep.* 524, that where the debt has been ascertained by a judgment, he may be permitted to sue the administration bond. But until their rights are ascertained, neither creditors nor heirs are permitted to sue the surety, and a contrary practice would greatly endanger the rights of sureties. The case of The Commonwealth *v.* Evans is not decided on the second section of the act of the 4th of April 1797. The act is referred to in the opinion of the court in corroboration of the general principle, and a manifestation of the intention of the legislature. That section, which it is very difficult to understand, seems to have been intended as an act of limitation for sureties in a certain specified case. It is decided, in Commonwealth *v.* Bryan, 6 *Serg. & Rawle* 128, that the limitation of seven years in the proviso does not apply to all sureties on administration bonds, but only to cases where such a bond has been returned to an execution against an executor or administrator.

But is a legatee or a creditor bound to sue the executor where he

[The Commonwealth v. Wenrick.]

has absconded, conceals himself, or resides in another state. It would be unreasonable to require this as a pre-requisite to a suit against the surety on the bond. The legatee has done all that can be reasonably expected. At the time the bond was given, the executor resided in the state of Ohio, and a citation was served on him to settle his accounts as executor, to which he paid no attention. It is also in proof that the executor died insolvent. But we do not determine this case upon those peculiar points, as we are of the opinion, that wherever the executor absconds, conceals himself, or resides without the jurisdiction of the court, suit will lie on the bond against the surety, without recourse, in the first instance, to the principal. A different rule would greatly embarrass legatees and creditors; and while we protect sureties, we must take care not to throw unnecessary obstructions in the way of the recovery of debts and legacies. We must avoid the danger of a fraudulent combination between the principal and surety, as the principal might be induced to withdraw from the jurisdiction of the court, or to conceal himself for the purpose of preventing a suit against the surety. It was never supposed, that a suit before a foreign jurisdiction was a pre-requisite to a suit on the administration bond. Still less was it supposed that no suit could be brought when it became impracticable, in consequence of the conduct of the principal. These cases form exceptions to the general rule, which was established for the protection of the surety, where it can be done consistently with the preservation of the rights of legatees and creditors.

Judgment reversed, and *venire de novo* awarded.