## Payran *against* M'Williams.*

A prothonotary is not entitled to a separate attachment fee for every witness whose name is inserted in the writ.

After a plea in bar, it is in the discretion of the court to allow a defendant to withdraw his plea and demur.

ERROR to the Common Pleas of *Philadelphia* county.

Mary M'Williams, administratrix, &c., sued Stephen Payran, Jun., before a justice of the peace, who gave judgment for the defendant, from which the plaintiff appealed. To September Term 1836, No. 19, the plaintiff filed a declaration in debt for a penalty for taking an illegal fee, viz: the sum of fifty cents for an attachment against witnesses, and subsequently the plaintiff filed an amended declaration, to which the defendant pleaded, and issue was joined. To the same Term, No. 126, the plaintiff filed the following statement:—

"The plaintiff claims $50 penalty from defendant for taking, as Prothonotary of Supreme Court for eastern district, other and greater fees than the law allows, for a writ of attachment against Isaac Billings, on the trial of cause of M'Williams' Administratrix *v.* Hopkins' Administrator.

"Also, another penalty of $50 for taking other and greater fees than the law allows for taking proof of service of subpœnas; by each of which acts of defendant the plaintiff was aggrieved, &c. The said acts were done within six months next preceding the commencement of this suit."

The defendant pleaded not guilty. It was agreed that both cases should be tried at the same time, whenever either of them should come on for trial. After issue joined the defendant filed a demurrer to the amended declaration in the case No. 19.

---

* This case was argued in 1838.

[Payran v. M'Williams.]

Before the jury were sworn to try the said issues, the defendant informed the court that a demurrer had been filed by him to the amended declaration in the case No. 19, and denied the right of the plaintiff to proceed to the trial of the case upon su●h amended declaration.    But the court decided that the demurrer could not prevail, as it was too late to file the same after issue joined, and without previous application made to withdraw the existing plea in the case.

The defendant, after the jury were sworn, and during the trial of the cause, contended that the cause No. 126 was not at issue, and therefore could not then be tried, because the plea was " not guilty," which, in a suit in form of debt for a penalty, was a nullity. But the court decided that this error or defect in the pleading could not be taken advantage of by the defendant, the party who tendered the informal plea, at that stage of the cause, viz: after the jury was sworn and evidence given.

After the rejection of the demurrer, and as the plaintiff commenced his evidence in the first case, and during the giving of the testimony in the second case, the defendant objected to the admission of any evidence in either of the cases, upon the ground of there being no legal declaration filed in either; the amended declaration in No. 19 being in its form and parts a statement which, together with the statement in No. 126, were mere nullities, as said cases were suits for a penalty.    But the court decided that the objection was not sufficient to exclude the evidence in this case, where the defendant had taken issue on the pleadings of the plaintiff, instead of demurring to their sufficiency.

The court charged, as to case No. 19, in which the plaintiff claimed a penalty from the defendant for taking an illegal fee, viz: the sum of fifty cents, for an attachment against witnesses, and which attachment, it appeared in evidence, contained the names of two witnesses, that if the attachment contained more than one name, the defendant was authorized to demand and receive no more for it than the fee for one attachment.

The defendant excepted to the opinions and charge of the court.

Errors assigned : —

1. In admitting the plaintiff's evidence when no declaration or legal specification of plaintiff's cause of action had been filed.

2. In admitting the plaintiff's evidence when no legal issue was joined.

Per Curiam. — Had the defendant objected in time to the filing of a statement, the plaintiff would have been driven to a declaration.    But having pleaded in bar, it was in the discretion of the court to refuse him its leave to withdraw his plea and demur, and consequently not a subject of inquiry on a writ of error.    Neither do we agree that the admissibility of the evidence depended upon the specific character of the pleadings; or that the court erred in

[Payran v. M'Williams.]

charging that a prothonotary is not entitled to a separate attach-
ment fee for every witness whose name is inserted in the writ.
The statements filed, however, are miserably defective in sub-
stance and•form, for which judgment ought to have been arrested;
and had that been assigned for error here, it must have prevailed.

Judgment affirmed.