| 36 | 355 |
|148 | 565 |
| 36 | 355 |
|189 | 628 |
| 36 | 355 |
| 19 SC | 4581 |

## Boyd *versus* The Commonwealth.

In an action on a bond given by a trustee, to account for the proceeds of the sale of the trust property, if the loss of the instrument be proved, the docket entry, showing its approval by the court, and the direction for filing it, is evidence to go to the jury, as proof of its existence as a valid instrument.

*It seems*, that such bond, if produced, may be read in evidence, without common law proof of execution; it ought to be inferred in such a case, that its genuineness had been inquired into, and passed upon by the court, before approval and direction for filing, as an integrant part of the proceedings.

The want of an averment in the declaration of the loss of the instrument, so as to dispense with profert, must be taken advantage of by special demurrer; it cannot be assigned for error, after a trial on the merits.

The report of an auditor, and confirmation thereof by the court, fixing the amount of assets in the hands of the trustee for distribution, is a sufficient foundation for an action against the surety on the bond.

*It seems*, that the removal of the principal obligor beyond the jurisdiction of the courts of the state, will be sufficient to warrant a suit against the surety, without first obtaining a judgment or decree against the principal.

ERROR to the Common Pleas of *Lancaster county*.

This was an action of debt by The Commonwealth of Pennsylvania, for the use of Thomas Robinson, trustee of John Kreider and Elizabeth his wife, against William C. Boyd, one of the sureties of John Rawlins, assignee of the said John Kreider and wife, in a bond given by the assignee for the faithful application of the proceeds of certain real estate ordered to be sold by the Court of Common Pleas.

On the 2d September 1848, John Rawlins was appointed assignee of John Kreider and wife, in place of a former trustee; and, on his petition, the court granted an order for the sale of the real estate of the said John Kreider. The record showed that, at this time, the assignee gave a bond in $3000, with William C. Boyd and John W. Rawlins, as sureties, which was approved by the court and directed to be filed. The sale was afterwards confirmed by the court.

On the 1st November 1852, William C. Boyd was discharged by the court from further liability as one of the sureties of John Rawlins, from that date. John Rawlins removed to the state of Iowa, where he resided at the institution of this suit; his trust account was filed and referred to an auditor, who reported that there was payable to Thomas Robinson, trustee of John Kreider and wife, the sum of $1180, out of the funds in the hands of the accountant. The auditor's report was confirmed by the court on the 2d September 1858, and distribution decreed accordingly.

On the trial, the bond and papers in the cause having disap-

peared from the prothonotary's office, and no trace of them being found, the plaintiff offered in evidence the docket entry, showing the approval of the bond and direction for filing it, together with the subsequent proceedings in the cause.   To this offer, the defendant objected, but the court admitted the evidence and sealed a bill of exceptions.   There was no averment in the declaration of the loss of the bond.

The defendant's counsel requested the court to instruct the jury as follows:—The liability of a surety in an official bond being contingent, suit cannot be brought against a surety by a party in interest, whether creditor, legatee, or distributee, without proceeding in the first instance against the trustee; and as no suit has been instituted by the plaintiff against John Rawlins, the trustee, the plaintiff cannot recover in this suit against the defendant William C. Boyd.

The court below (LONG, P. J.) delivered the following charge to the jury:—

" This suit is brought for the purpose of recovering from the defendant, William C. Boyd, the amount due the estate of John Kreider and Elizabeth his wife, as ascertained by a report of an auditor, which was confirmed September 2d 1858, for $1180, with interest due thereon.   By the proceeding referred to, it appears John Rawlins was appointed assignee of the said John Kreider and wife, in place of a former trustee, on the 2d September, 1848.   On the petition of John Rawlins, there was an order granted by this court for the sale of the real estate of John Kreider, and the records show that a bond was given by the trustee at that time, with W. C. Boyd and John W. Rawlins as his sureties, each in the sum of $3000, for the faithful performance, as is presumed, by the trustee, John Rawlins, in making the sale, and accounting for the proceeds; this sale was afterwards confirmed by the court.   On the 1st November 1852, W. C. Boyd was discharged as one of the sureties of John Rawlins, from any further liabilities on his bond from that date; afterwards, there was a citation issued to John Rawlins, calling upon him to settle his account, and such proceedings were had, as resulted in the above report of the auditor.

" The defence interposed to a recovery against the defendant is of a two-fold character.   I shall consider the last branch of the defence, as presented to the court, first.   It is contended, that in a legal point of view, no recovery can be had against the defendant, for it is said by his counsel, that before that can be done, they must first prosecute and obtain judgment against the principal, or have a decree of the Court of Common Pleas, for the amount due the party for whose use this suit is brought; that until that is done, no recovery can be had against the defendant, who is a

[Boyd *v.* The Commonwealth.]

mere surety. This is not the law as applicable to the case now before the court; first, because the testimony goes to establish the fact, that the principal is beyond the jurisdiction of the court, and out of the state, living in Iowa; therefore, from necessity, this action must be maintained, otherwise there will be a failure of justice; and consequently, it forms an exception to the general rule of law, which governs cases where the principal continues to reside in the state. But independent of this, it appears that the amount due by John Rawlins to the estate of John Kreider, was ascertained by the report of an auditor, and this report was confirmed by the court, which was a decree of the court of the amount which was payable by the principal, and until altered or reversed, is conclusive upon the principal, and therefore this legal objection, which has been made by the defendant, will not avail him.

"Although the point presented by the defendant, was handed to the court out of time, (not being handed to them until after the defendant's counsel had addressed the court and jury, whereas our rules of court require them to be presented before any of the counsel commence addressing the court and jury in chief,) and is therefore not required to be answered by the court, and nearly a repetition of the parol points made; yet, out of courtesy to the defendant's counsel, I will do so. As to the first branch of that point, that the liability of a surety in an official bond being contingent, suit cannot be brought against a surety by a party in interest, whether creditor, legatee, or distributee, without proceeding in the first instance against the trustee, this introductory remark to the gist of the matter is good law, in a proper case, but we think has no application to this case, as developed by the facts; and as to the other part, that no suit has been instituted by the plaintiff against John Rawlins, the trustee; the plaintiff cannot recover in this suit against the defendant, W. C. Boyd; this conclusion of the defendant, as we stated before, we think is not correct.

"As regards the other branch of the defence, raised by the defendant, that inasmuch as the bond upon which this suit is brought, not being produced, nor proven by the subscribing witnesses, therefore, the plaintiff cannot recover; it will be remembered, that it has been proved, that the papers, as well as the bond, have disappeared from the prothonotary's office, and no trace of them has been discovered, although proof has been given, that diligent search has been made by the proper officer, and by the counsel, who were at any time concerned with the case in any way; the record discloses the fact, that such a bond as the suit is predicated upon, was in existence at one time, that it was approved of by the court, but who the witnesses were does not appear, but I presume, if the bond had been produced, being a matter of record, it might have been read without proving the execution of

[Boyd *v.* The Commonwealth.]

it by the subscribing witnesses. Then, as to the identity of the person; Mr. Heister, who was the counsel to have Mr. Boyd discharged from any further liability as surety, from the 1st November 1852, testifies that while his fees were paid by the principal, yet he was spoken to by the defendant, from his liability on a bond in this estate; the sale of the property, and the confirmation, it would appear, were made before his discharge. If, therefore, you should be of the opinion, that the defendant and the surety are the same person, and his liability was incurred before he was discharged from his liability by the court, your verdict ought to be for the plaintiff."

To this charge the defendant excepted; and a verdict and judgment having been rendered for the plaintiff for $1265.50, the defendant removed the cause to this court and here assigned for error: 1. The admission of the docket entries to prove the existence, contents, and genuineness of the bond sued on: 2. The admission of such evidence, without an averment in the declaration of the loss of the instrument: 3. The charge to the jury.

*A. Herr Smith,* for the plaintiff in error.—The docket entries are not evidence of the execution of the bond: McReynolds *v.* McCord, 6 *Watts* 288; McCredy *v.* The Schuylkill Navigation Company, 3 *Wh.* 424; Jack *v.* Woods, 5 *Casey* 375; Porter *v.* Wilson, 1 *Harris* 641; 4 *S. & R.* 298;. 1 *Penn. R.* 389; Slone *v.* Thomas, 2 *Jones* 209; 1 *Stark. Ev.,* § 393; 1 *Greenl. Ev.,* § 186. A surety in an official bond is not liable until suit has been brought against the principal: 1 *Watts* 437; 4 *Barr* 344; 8 *Watts* 159; 1 *Jones* 150.

*Fordney* and *Amwake,* for the defendant in error, cited Harvey *v.* Thomas, ·10 *Watts* 63; Hartz *v.* Commonwealth, 1 *Grant's Cas.* 359; Commonwealth *v.* Wenrick, 8 *Watts* 160; 1 *Chit. Pl.* 364–5; 1 *Saund. R.* 9, note *a*; United States Bank *v.* Sill, 5 *Conn.* 110.

The opinion of the court was delivered by

THOMPSON, J.—The docket entries in the case of the application for the sale of the real estate, on account of which the bond in question was given by the trustee, Rawlins, the defendant, and another, as his sureties, the order of the court thereon, the names of the assignee and sureties in the bond, and the amount of it, together with the subsequent proceedings resulting in a sale, &c., constituted the first step in the testimony of plaintiff. Following this, there was evidence of the loss of the bond from the files of the court, and diligent search for it.

We agree with the learned judge of the Common Pleas, that the bond, having been given pursuant to statutory requirement, and

[Boyd v. The Commonwealth.]

the records, showing that it had been approved by the court and directed to be filed, accompanied by proof of loss, and identity of the obligor sued, was evidence to go to the jury as proof of its existence as a valid instrument. Nor do I think the remark of the learned judge, that if the bond had been produced it might have been read without common-law proof of execution, was error. It might and ought to be inferred, in such a case, that its genuineness had been inquired of and passed upon by the court, before approval and direction for filing, as an integrant part of the proceedings. This is in accordance with Hartz v. Commonwealth, 1 *Grant* 360, and with the general practice in regard to official bonds. But the competency of the docket entry, the bond being lost, was indisputable: Harvey v. Thomas, 10 *Watts* 63. Indeed, the utility of dockets would be in a measure lost, if they could not supply proof in a case like the present. The entries are made by a public sworn officer, and as far as they are records of courts, they import absolute verity; being of such high character, therefore, little danger is to be apprehended, where loss is clearly proved, to permit them to be received as secondary evidence of the existence of things of which they only contain an official note. This disposes of the first and fourth assignments of error.

The want of an averment of the loss of the bond in the *narr.*, so as to dispense with the profert, might have been made the foundation of a special demurrer, and in that event the plaintiff could have amended, if he did not choose to join in demurrer. But this course was not pursued, and as no objection was made to the *narr.* at the trial, it is too late now.

There is no ground in this case for the objection that the surety, being only contingently liable, could not be sued until the principal was first fixed and ascertained to be liable. That, in fact, had been done before suit brought. There had been a settlement of the trust account, a report upon it by an auditor, and confirmation by the court. This fixed the amount of assets for distribution in the hands of the assignee, and as there was no dispute about the right of the plaintiff to the fund, everything necessary to charge the principal was done before suit brought. In The Commonwealth v. Stub, 1 *Jones* 150, it was said, "a judgment at law or a decree of the Orphans' Court, fixing the amount of the personal responsibility, is all that is necessary as a prerequisite to a suit on the bond of an administrator." The Commonwealth v. Wenrick, 8 *Watts* 159, is to the same effect. The bond here partaking of the same nature, as regards the liability of the surety, with that of an administrator's bond, the same rules are applicable to it.

But there was another ground upon which the suit might be maintained, perhaps, even before and without the decree in question, to wit, the removal of the trustee out of the jurisdiction of

[Boyd v. The Commonwealth.]

the court, and his residence in the state of Iowa: The Commonwealth v. Evans, 1 *Watts* 437; The Commonwealth v. Wenrick, 8 *Id., supra;* Commonwealth v. Fretz, 4 *Barr* 344.

As there is nothing to correct in any part of the case, the judgment is affirmed.

Judgment affirmed.