# In the Court of Common Pleas of Lancaster County.

COMMONWEALTH OF PENNSYLVANIA, at the suggestion of and for use of James Sweeney, executor of the estate of Elizabeth Sweeny, deceased, vs. P. W. HOUSEKEEPER.

---

To plead and demur to the same matter is not allowable. After pleading, a defect in the declaration may be taken advantage of by motion in arrest of judgment, or the defendant may be allowed to withdraw his plea, and then demur.

**Rule to withdraw Narr, &c.**

Opinion delivered November 14, 1874, by

Livingston, P. J. On September 8, 1874, a rule was granted to show cause why plaintiff should not be permitted to withdraw the Narr. filed, and file a new Narr.

After a plaintiff files his Narr. it becomes the duty of the defendant to consider the nature and manner of his defence, if he has one. He should consider whether, on the face of the Narr. as drawn and filed, supposing the facts therein stated to be true, the plaintiff appears in his judgment to be, in point of law, entitled to the redress he seeks, in the form of action he has selected. If in his judgment, the plaintiff be not so entitled in point of law, by reason of defect in the form or the substance of his Narr., he should except to the declaration on such grounds; in other words he should *demur*, and not *plead.*

If he is satisfied that the Narr. is neither defective in form nor substance, and that the plaintiff has chosen the proper form of action, and he cannot safely demur, his only other mode of defence is to answer the Narr. by matter of fact—to enter his plea.

The Narr. in this action was filed on November 10, 1871, after an award of arbitrators and an appeal therefrom by the defendant. On Feb. 4, 1874, a rule was served on the defendant to plead. He then examined his case and *did not demur*; but on the same day, February 4, 1874, filed *his plea* "payment, and payment with leave, etc. ; " and upon the issue raised by this plea the cause was put on the trial list, called for trial on August 26, 1874, when both parties announced themselves *ready for trial.* A jury was called and sworn, and after progressing a short time plaintiff's counsel asked leave of Court to amend the Narr. filed by inserting between the words, "default thereon," and, "by means of which," the words "And the said W. B. Hood, trustee as aforesaid, on or about to wit, the first day of April, A. D., 1869, absconded from and left his residence in Philadelphia city, in the State of Pennsylvania, and

has not since that time resided within the bounds of the State of Penn-sylvania," and on the argument it was admitted that the Court allowed the amendment.

The defendants then filed a demurrer, general and special.

Under the decisions of the Supreme Court, in the cases of Com. v. Wenrick, 8 Watts, 159, Boyd v. The Com., 12 Casey, 355, we very much doubt whether any such amendment was necessary; but it was made, and having been made the defendant filed a demurrer, which may be considered both general and special. It is in these words: "And now, Aug. 25, defendant comes, etc., and says that plaintiff ought not further to maintain his said action, etc. Because, he says that the said declaration and the matters contained in manner and form as the same are stated and set forth, are not sufficient in law. and he, the said defendant, is not bound to answer the same, and this he is ready to verify, etc. Wherefore the said defendant prays judgment, and that the said plaintiff may be debarred from having or maintaining its aforesaid action thereof against him, etc.

And the said defendant, for the further cause of demurrer states, and shows to the court, the following causes of demurrer to the said declaration:

"1   The declaration does not aver any receipt of property or money.

"2   It does not aver any settlement of account by the trustee, or decree of court for the payment of the money fixing the liability of the principal in said bond.

"3   The declaration does not set out with certainty and precision, and specifically the particular breach for which redress is sought, and in other respects is uncertain, informal, insufficient, etc."

It will be observed that all these alleged causes of demurrer refer to the Narr. as originally filed, and to which defendant has entered his plea of payment, and payment with leave, etc., which still remains, and not one of them makes the slightest reference to the amendment. The amendment made no change in the cause of action, nor did it render any change in defendant's plea necessary. The cause could have been proceeded with as well after, as before the amendment, and on the same plea. Here, then, we have a plea in bar, and afterwards a demurrer, general and special. These cannot exist together. It is one of the oldest and most perfectly settled rules of pleading, that it is not allowable both to plead and demur to the same matter; you may plead to one count and demur to another in the same Narr. 5 Wend., 104. You cannot plead and demur to the same count at the same time.

Where, after pleading to a Narr., it is found to be defective, the defendant may take advantage of the defect by motion in arrest of judgment. 9 Cush., 151.

Or, after a plea in bar, the court on application made may, in its discretion, allow a defendant to withdraw his plea, and demur. 9 W. & S., 154.

But the mere fact that a declaration has been amended does not make it demurable, although it may require the defendant to change his pleas, even though it contains a new count, where the new count is no departure, and makes no change in the cause of action. 10 Casey, 358. Hence it follows that the demurrer in the case before us should have been dismissed, and the parties directed to proceed with the trial.

There having been no joinder in demurrer, nor any recognition of it by the plaintiff, leave of court was asked to withdraw the amendment which had produced all this confusion, the plaintiff having arrived at the conclusion that it was unnecessary. Its withdrawal, plaintiff alleges, was permitted by the court. This the defendant denies. And his Honor, the Judge who presided at the trial, having mislaid or lost his notes of trial, does not remember whether it was or not; all agree, however, that a juror was withdrawn, and the cause continued by the court on August 27, 1874.

And on September 8, 1874, plaintiff's counsel obtained a rule to show cause why plaintiff should not be allowed to withdraw the Narr. filed in this suit and file a new Narr.

Without being able to procure the notes of trial, and ascertain therefrom the exact state of the case in its different stages as the trial progressed, we are satisfied, from what we have seen in the progress of our investigation of the record and proceedings as admitted, that the demurrer should have been dismissed, and plaintiff allowed to withdraw the amendment; the trial would then have proceeded upon the original Narr. and plea. The cause having been continued, however, and the plaintiff having asked to withdraw the Narr. filed, and file a new Narr., which he may properly do, and which, under our very broad and liberal statutes of amendments, the court may with propriety permit, we have decided to make the rule absolute; but in doing so, we cannot refrain from saying that we think the better course to have pursued would have been by citation to file an account, and thus fix the amount of this defendant's liability, if liable, before proceeding in this form, which is in effect an attempt to state the account of an executor by a jury.

Rule made absolute.