## Longenberger's Estate. McAlarney's Appeal.

*Insolvent executor—Failure to give bond—Removal.*

Where an insolvent executor has been ordered to give security and it is uncertain whether the order was ever fully complied with and the bond filed as directed by the court, and the bond cannot be found in the office of the clerk, it is perfectly proper to order the executor to enter new security or be dismissed, there being nothing upon the record to show who the prior surety was: Boyd v. Commonwealth, 36 Pa. 355, distinguished.

Argued April 13, 1892, Appeal, No. 409, Jan. T., 1892, by James McAlarney, executor of George Longenberger, deceased, from decree of O. C. Columbia Co., May T., 1878, No. 21, ordering appellant to enter security or be dismissed. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was, among others, ordering the executor at this time to execute a bond in the sum of ten thousand dollars, otherwise to be dismissed.

*A. Ricketts,* for appellant.

*W. H. Rhawn* and *James Scarlet, B. F. Zarr* and *C. E. Geyer* with them, for appellee.

PER CURIAM, April 25, 1892 :

The decree of the court below, from which this appeal was taken, was in the alternative. It ordered " that James Mc-

Alarney, executor of the last will and testament of George Longenberger, deceased, execute a bond to the commonwealth, with John Snyder, or some other person, as surety, to be approved of by the court, or the president judge thereof, in the penal sum of $10,000, conditioned for the faithful performance of his duty as executor of said estate, and for the faithful accounting for all moneys heretofore received, and which may hereafter be received, as such executor, and for the payment of such moneys according to the decrees or orders of the court, otherwise to be removed and dismissed from the said trust."

We learn, from the opinion, that James McAlarney, the executor, is hopelessly insolvent. We also learn that, on Dec. 28, 1878, the said executor was ordered to enter new bail, in place of Joseph Brown, in the sum of $10,000; that, on Feb. 29, 1878, a bond was approved by the court, and directed to be filed. The learned judge finds, from the evidence, that it is uncertain whether the above order was ever fully complied with, and whether the bond was filed, as directed by the court; that the evidence clearly established the fact that, if it was filed, it cannot now be found among the records in the case, nor in the clerk's office. Under these circumstances, the court below could not have done less than order new security to be entered, and, in default thereof, to remove the executor from the said trust. Boyd v. Com., 36 Pa. 355, is not in conflict with this view. That was an action on a bond given by a trustee to account for the proceeds of the sale of the trust property, and it was held, the bond being lost, that the docket entry showing its approval by the court, and the direction for filing it, is evidence to go to the jury, as proof of its existence as a valid instrument. In that case the record showed that the assignee gave a bond in $3,000, with William C. Boyd and John W. Rolands as sureties, which was approved by the court, and directed to be filed. In the case in hand, there is nothing upon the record to show who the surety was. In a suit against the latter, the record would not be evidence for any purpose. In view of this fact, and of the admitted insolvency of the executor, the learned judge below was strictly in the line of his duty in making the order appealed from.

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.