# Commonwealth to use *v.* Remaley.

*Executors and administrators — Bond — Lost bond — Record — Act of April* 13, 1868, *P. L.* 882.

In an action upon an administrator's bond filed in Luzerne county, where it appears that the original of the bond was lost and the record copy, which under the Act of April 13, 1868, P. L. 882, is evidence of matters therein " contained as fully as the original would be if produced," discloses a blank where the name of the estate should have been in which the bond was given, the suit may be maintained, where the defendants do not deny that they became sureties for the administrator, and admit this fact affirmatively in sworn statements in proceedings in the court against the administrator. In such a case the evidence is sufficient to warrant the reading into the copy of the bond, the name of the decedent's estate.

Argued Jan. 21, 1901.  Appeal, No. 46, Jan. T., 1901, by plaintiffs, from order of C. P. Luzerne Co., May T., 1900, No. 583, sustaining exceptions to report of referee, in case of Commonwealth to use of J. F. Briggs, Guardian of Myrtle R. Baer, v. Webster Remaley et al.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Reversed.

Exceptions to report of Joseph D. Coons, Esq., referee.

It appeared from the report of the referee that suit was brought on a bond of M. E. Walker, administrator d. b. n. c. t. a. of S. H. Baer, deceased.  The original of the bond was lost. The record copy disclosed a blank in which the name of the estate should be inserted.

The referee reported, inter alia, as follows :

At the trial, the plaintiff first offered in evidence the record of proceedings in the orphans' court in the estate of S. H. Baer, deceased, already noted.  The defendants objected to the admission in evidence of the records, except the record of the bond, " for the reason that they are immaterial and irrelevant, and unrelated to the defendants, they not being a party to them in any way, and not being the best or any evidence at all of the execution of the bond upon which the suit is based," and objected to the record of the bond itself, for the reasons " that it did not import an obligation on the defendants in the estate of

S. H. Baer, deceased, and for the further reason that no proper proof of its execution has been adduced."

Prior to the making of these objections the living defendants, Tubbs, Remaley and Miller had been severally called as of cross-examination by the plaintiff, and interrogated as to whether they had signed the bond as surety for M. E. Walker, administrator of the estate of S. H. Baer, deceased. The answers of these defendants were disingenuous. They did not admit or deny the execution of such bond, but sought to show that they had signed papers for Walker in other matters. Subsequently it was shown by the record of the continuance docket, in the estate of S. H. Baer, deceased, No. 142 of 1889, that on July 8, 1897, W. A. Campbell, by his attorney in fact, C. P. Campbell, had petitioned the orphans' court for the removal of M. E. Walker as administrator, upon the ground of his insolvency, and asked for an injunction, restraining Walker from negotiating or disposing of any of the said estate in his hands. The petitioner represented " that he is one of the bondsmen of M. E. Walker, administrator d. b. n. c. t. a. of S. H. Baer, late of the borough of Shickshinny, deceased." On same day injunction was awarded. On July 17, 1897, the administrator was removed.

It was also shown by the record that on October 10, 1898, a petition was filed in the orphans' court by W. A. Campbell, R. M. Tubbs, A. W. Miller and Webster Remaley, setting forth that they were bondsmen of M. E. Walker, administrator d. b. n. c. t. a. of the estate of S. H. Baer, deceased, and, after representing the proceedings had upon the petition aforesaid of Mr. Campbell, on July 17, 1897, etc., praying for an attachment against said Walker, and for a writ in the nature of a writ of fieri facias, for the purpose of collecting the amount shown to be due by his last account. The court awarded the attachment and fieri facias as prayed for. The defendants, Tubbs, Miller and Remaley, were shown their signatures to this petition, and severally admitted them to be their own. Mr. Hand testified that the purported signature of W. A. Campbell was in his proper handwriting.

The defendants objected to all the foregoing offers, but offered no testimony in their own behalf. They contend that the evidence of the plaintiff was entirely inadmissible, and

249, (1901).]    Referee's Report—Opinion of the Court.

that there can be no recovery in this action because of the omission in the bond of the name of S. H. Baer.

The referee reported in favor of the plaintiffs against the defendants.

Exceptions to the referee's report were sustained by the court.

*Errors assigned* were in sustaining exceptions to referee's report.

*Alexander Farnham*, for appellant.—The record entry of Walker's appointment and of the filing of his bond with the defendants as sureties is prima facie evidence that the bond was in sufficiently correct form in all particulars and brings the case directly within Boyd v. Com., 36 Pa. 355.

The plaintiff has proved, by evidence of a higher character than parol evidence, all the essentials required to establish the bond in suit a valid instrument: Barnsley v. Powell, Ves. Ch. R. 119; Gump's App., 65 Pa. 476; Small v. Com., 8 Pa. 101; Clement's App., 2 Penny. 313.

*J. Q. Creveling*, with him *D. L. Creveling* and *H. A. Fuller*, for appellee, cited: Kendig's App., 82 Pa. 68; Morris v. Galbraith, 8 Watts, 166; Richards's App., 122 Pa. 547; Laubach v. Meyers, 147 Pa. 447; Slone v. Thomas, 12 Pa. 209; Moser v. Libenguth, 2 Rawle, 428; Edmonds's App., 59 Pa. 220; Bell v. Kennedy, 100 Pa. 215; Stine v. Sherk, 1 W. & S. 195; McWilliams v. Hopkins, 4 Rawle, 382; Bradley v. Com., 31 Pa. 522; Nesbitt v. Turner, 155 Pa. 429; Glidden v. Strupler, 52 Pa. 400; Spencer v. Reese, 165 Pa. 158.

OPINION BY WILLIAM W. PORTER, J., May 23, 1901:

This suit is brought against the sureties of a deceased administrator upon an administration bond for the amount of certain payments ordered to be made to the plaintiff by the said administrator by the orphans' court. The bond was shown to be lost. Under the act of assembly of April 13, 1868, P. L. 882, applicable to Luzerne county, the records of administration bonds are evidence of matters therein contained "as fully as the original would be if produced." The record copy of the

bond was offered in evidence and disclosed a blank where the name of the estate, in which the bond was given, should have been.

It is by no means certain from the evidence that any omission occurred in the original bond. It is quite possible that the omission occurred in the transcription on the record. The suit, if based on the record copy of the bond, is not founded upon a record which itself creates an original obligation, but upon a record furnishing, by virtue of the act of assembly, evidence of an obligation apart from the record. To reform the record copy would not be the reformation of a record, strictly so called, but of evidence furnished by a record for which certainly no higher grade of proof would be required than if the original agreement were to be reformed. Giving, however, to the record copy its fullest effect, it evinces a bond complete in all of its terms except the name of the estate in which the obligation was given. There is no question about the execution of a bond by all of the obligors as sureties for the administrator. The fact is indubitably proven. The referee found as a fact that none of them denies it, although none of them on the witness stand admitted it. Furthermore, they all, in proceedings in the court against the administrator, have, in sworn statements, alleged that they became sureties for the administrator in the estate in which it is claimed the bond in suit was given, and the filing of the bond is judicially noted on the register's record: Boyd v. Commonwealth, 36 Pa. 355. To insert in the blank shown in the copy before us the name of the estate with which the bond is to be identified, is not reforming the instrument in conflict with any of its terms, nor supplementing it in variance with any expressed intent, since on the face of the document there is evidence of omission or mistake: Clement's Appeal, 2 Penny. 313. In the absence of denial of the execution of the bond set up by the plaintiff by the parties now before the court and of denial by them (save on technical grounds) of the propriety of filling the blank in the copy as desired by the plaintiff, we hold the evidence above recited to be sufficient to warrant the reading into the copy of the bond of the name of the decedent's estate, and to warrant the enforcement of the obligations assumed by the defendants as sureties. In so holding we support the conclusion reached by the auditor which was overruled by the court below on excep-

tions. The judgment is reversed and judgment is entered for the commonwealth in the sum of $5,000 and for the plaintiff in the sums of $924.72, with interest from April 7, 1899, and $287.08, with interest from June 9, 1899, to the date of this judgment, and for the costs accrued between the plaintiff and the defendants.