## Hoffman's Estate.

*Practice, O. C.—Appeals—Adjudication—Redistribution—Paper-books —Quashing appeal.*

Where a decree of the orphans' court is sustained on appeal, and a redistribution is made by the lower court in accordance with the order of the appellate court, a party in interest cannot on exceptions to the distribution, without presentation of any claim or offer of evidence, raise questions which were passed upon in the original adjudication, and as to which no exceptions had been filed, or appeal taken.

In such a case where an appeal is taken from the order of redistribution, but the appellant fails to print the evidence in the first appeal, and it also appears that the appellant failed to present any claim in the readjudication proceedings, the appeal will be quashed.

Argued Nov. 11, 1908. Appeal, No. 222, Oct. T., 1907, by J. W. Hoffman, from decree of O. C. Lancaster Co., May T., 1905, No. 39, dismissing exceptions to redistribution in Estate of John Hoffman, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Exceptions to redistribution. Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exception to redistribution.

*B. F. Davis*, for appellant.

*W. H. Keller*, of *Coyle & Keller*, with him *H. B. Lutz*, for appellee.

OPINION BY HENDERSON, J., December 7, 1908:

The estate of John Hoffman was the subject of distribution proceedings in the orphans' court of Lancaster county, in which a decree was entered by that court. From that decree Margaret B. Gross, a creditor, appealed to this court. That appeal was sustained (Hoffman's Estate, 32 Pa. Superior Ct. 646). The effect of the decree of the Superior Court was to entitle her to participate in the distribution of the estate of the decedent on a note signed by the decedent payable to J. W. Hoffman, which he had indorsed to Margaret B. Gross as collateral security for a note which he owed her. No other person appealed from the adjudication referred to. On the return of the record from this court to the orphans' court a distribution was made to Margaret B. Gross as a creditor of the estate of the decedent. To this last adjudication the appellant excepted as a son and heir of the decedent, and also as a creditor, because of the refusal of the court to award him one-sixth of the estate as an heir, and to allow him certain claims, as follows:

The difference between the amount awarded to Margaret B. Gross, on account of her claim against the appellant, and the whole amount of the collateral note on which she participated in the distribution of the decedent's estate, amounting to $154.03;

Also the difference between the amount awarded on an attachment and judgment of one Harry S. Kerns and the amount of a note of the decedent indorsed by the appellant to Kerns as collateral security, amounting to $84.50;

Also the difference between a debt due the Ephrata National Bank and the amount of a note of the decedent indorsed by the appellant to the bank as collateral security, amounting to $12.63.

The court overruled these exceptions and from that action this appeal was taken. It does not appear, however, from the record that the appellant presented any claim at the redistribution, or that the court rejected any claim presented.

The appellant did apply to the orphans' court to open the first adjudication to permit him to present his claims in that

proceeding. This the court refused to do, but no exception was taken to that action.

We are asked now in effect to review the first adjudication, which was finally settled except as to the appeal of Margaret B. Gross, and to make a new distribution awarding to the appellant claims which he did not present in that proceeding, and that, too, without the evidence necessary to sustain them.

The Gross appeal only established the right of the appellant and did not open the case for the introduction of questions settled in the court below and not appealed from: Commonwealth v. McDonald, 170 Pa. 221.

If the rights of the appellant were not secured in that distribution it was his duty to except and appeal. Having failed to do so we cannot now review the action of the orphans' court.

The further objection that the appellant has not brought up the record necessary to a determination of the complaints which he presents is well founded. The evidence in the first appeal is not before us; it is not printed in the appellant's paper-book. All of the record of the former case now presented is the docket entries, a part of the adjudication, and the will of the decedent.

Rule 27 of this court requires an appellant from the orphans' court to print in his appendix such documentary or other evidence as may be necessary. An inspection of the appellant's paper-book makes it clear that it would be necessary to resort to some other evidence than that exhibited therein to enable the court to grant the relief which he seeks.

The appellees have moved the court to suppress the paper-book and quash the appeal, and as it does not appear from the record that the appellant presented any claim in the re-adjudication proceeding which was rejected by the court, the motion to quash the appeal is sustained.