The opinion of the court was delivered by
Miller, J.
This appeal is by the defendant from a judgment reducing the assessments of plaintiff’s property.
The plaintiff is a corporation organized to execute a contract with the city of New Orleans to remove and dispose of the garbage and *1476 pilings of the city and to manufacture chemicals, oils, soaps, candles and other similar articles, and for these purposes to erect and maintain mills and the necessary plant. It is in proof that plaintiff has purchased property, erected buildings and provided the machinery for the manufacturing purposes stated in the charter. The claim of the company is that it is entitled to an exemption from taxation on such property under Art. 207 of the Constitution, as amended by the Act No. 92 of 1884, which, with other exemptions, declares that property, capital and machinery employed in the manufacture of fertilizers and chemicals, shall be exempt from taxation, provided that more than five hands shall be employed.
It seems that the plant of the company includes receiving vats, in which are placed dead animals, refuse from kitchens and other offal. By a heating process and the use of chemicals the moisture from this matter is vaporized, the gases disposed of, and grease or oil is extracted. The residuum in the vats, thus relieved of moisture and the grease or oil “ cooked,” as the witnesses express it, is adapted for fertilizing purposes and used as a fertilizer. This process of manufacture is detailed at length by the witnesses, and the results or products presented in the testimony are grease or oil extracted from the animal matter, and the residuum or tankage, rich, it is testified, in ammonia, is ground in the mill of the company, sacked and used as a fertilizer.
The defendant urges that the processes used by plaintiff are “ reduction and conversion ” of the garbage, and hence the plaintiff is not a manufacturer. But we must accept from the record, that the results produced by plaintiff are effected by the machinery, agencies and appliances of a manufacturing establishment, and the garbage that goes into the vats and extractors is changed into oil or grease and fertilizers, that is to say, garbage, in vats subjected to the action of heat, steam and naphtha, is changed into oils and fertilizers. It seems to us that whether “ conversion or reduction,” the processes and results are those incident to manufacturing, in the accustomed sense of the word in the contemplation it is to be supposed of the lawgiver in granting the exemption from taxation of property employed in the manufacture of the various products specified, including chemicals and fertilizers. The defendant further contends, that the main business of plaintiff is to remove garbage from the city; that the use it makes of the garbage is the mere incident of that business, *1477 and hence the plaintiff is not a manufacturer. But the act of incorporation declares the objects of the company to be the execution of the contract with the city, for collecting and disposing of the city-garbage, street pilings and refuse, and to manufacture chemicals, fertilizers, soaps, candles and similar articles, and for such purposes, to erect and maintain mills, plants and manufacturing establishments. The ordinance of the council, under which the contract was awarded to plaintiff, is to remove and dispose of the garbage. This function in aid of the cleanliness of the city is distinct from the manufacturing business announced in plaintiff’s charter. That business, then, can not be deemed an incident to removing garbage, except in the sense that the garbage is used in plaintiff’s manufactory, hut obviously, as it seems to us, this police function of plaintiff, under its contract, can have no influence in determining whether besides, it is not a manufacturer in the sense of the exemption provision in the Constitution. The Ernst ease cited in defendant’s brief (State ex rel. Ernst & Co. vs. Board of Assessors, 36 An. 347) maintained that tie rice miller was not a manufacturer of flour, because in cleaning the rice, dust was thrown off which was sold as rice flour. There is, in our view, no analogy between the decision and the point here, whether a manufacturer is stripped of that character because of his contract with the city to remove garbage. Again, it is claimed by the defendant that the making of oil or grease, is not a manufacture within the exemption claimed. Oil is not specified in the exemptions. Grease, in our opinion, however, produced, carries no exemption from taxation. We pass over the contention whether oil is within the meaning of chemicals as the term is usually employed. But under the evidence in this case, in producing the fertilizer, the manufacture of which is clearly within the exemption, the oil is extracted. It seems to us that the exemption is not lost, because in the manufacture of an article that does exempt from taxation, another product is also evolved.
We are asked, in any event, to exempt the property only to the extent it is used for the- manufacture of exempted products, and to apply the rule of distribution in the Washburne case. (Washburne vs. City of New Orleans et als., 43 An. 226.) There is no basis supplied by the record on which we could make this apportionment. It is in evidence that a portion of the property — i. e., wagons, mules, the crematory to burn that part of the garbage not susceptible of use *1478 for manufacturing purposes and other appliances, are useful for the performance of the contract of the city, but are not part of or needed for the manufactory. The lower court, in its opinion, has maintained the assessment on all such property not connected with the manufactory. We think, under the testimony, this apportionment is the only rule we can apply.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.