In re WISEMAN et al.

(District Court, E. D. Pennsylvania. May 22, 1903.)

No. 1,321.

1. BANKRUPTCY—PROVABLE CLAIMS—LIABILITY AS SURETY.

The liability of a bankrupt as surety on the bond of an administrator is not a fixed liability "absolutely owing," and as such provable against his estate, where no final judgment or decree has been rendered in the probate court of the state adjudging the liability of his principal, but only a decree nisi, which, under the law of the state, is merely preliminary, requiring a further order to make it final, and where such decree had been suspended prior to the bankruptcy, leaving the matter pending and undetermined.

In Bankruptcy. On certificate of referee concerning claim of George K. Hubbard's administrator.

Rudolph M. Schick, for trustee.

Harry S. Hopper and J. Barton Rettew, for creditors.

J. B. McPHERSON, District Judge. The question for decision arises upon the following facts: John Wiseman, one of the bankrupts, was a surety upon the bond of George L. Hubbard, administrator of the estate of George K. Hubbard. Afterwards George L. Hubbard was discharged from the administration of the estate, and his place was taken by the claimant, who is the administrator de bonis non. The claim arises in this manner: George L. Hubbard filed an account in the orphans' court of Philadelphia county, showing a balance due the estate. This account was audited in June, 1896, by one of the judges, in accordance with the practice of the court, and was duly vouched before him. He thereupon entered the customary adjudication in these words: "The balance composed as aforesaid, with interest on deposits or otherwise, if any, is awarded in equal shares in kind to the said children of the decedent." This adjudication was entered upon June 28th, and, according to the custom of the court, was merely a decree nisi, being subject to exception within a certain number of days. If no exceptions were filed, a final decree would have been entered in due course. On July 18th, however, the entry of such final decree confirming the adjudication was suspended until further order, this order being repeated in substance upon October 12th, and the account still rests in that position. The responsibility of the administrator upon the account has not yet been determined. A decree nisi is preliminary in its nature, requiring a further order to complete it. R. R. Co. v. Fosdick, 106 U. S. 69, 1 Sup. Ct. 10, 27 L. Ed. 47; Young v. McPherson, 3 N. J. Law, 895, 5 Ency. Pl. & Prac. 950. In another proceeding in the orphans' court, George L. Hubbard admitted that $10,000 of the sum appearing

upon his account had been applied by him to the purposes of a partnership in which he was a member, but he averred that such application had been made with the consent of all parties in interest. Afterwards, for some reason that does not appear, the orphans' court removed him from his office of administrator, and appointed the present claimant in his stead. The administration bond upon which the bankrupt was surety was in the penal sum of $6,000, and the claimant seeks to share in the bankrupt estate on the basis of the full penal sum, his position being that George L. Hubbard, the principal in the bond, was liable for $10,000 to the estate of George K. Hubbard, and therefore that the bankrupt, as his surety, is also liable to the same amount.

The difficulty about this position, as it seems to me, is that the liability of the principal has never been established by the final decree of any tribunal, and, until that has been done, I think it is clear that the surety cannot be called upon to respond. The cases are uniform upon this subject, and many of them have been cited in the briefs of counsel. It is enough to refer to Commonwealth v. Stub, 11 Pa. 150, 51 Am. Dec. 515. In each of the two cases upon which the referee chiefly relies—Boyd v. Commonwealth, 36 Pa. 355, and Commonwealth v. McDonald, 170 Pa. 221, 32 Atl. 410—there was a final decree against the principal fixing the amount of his personal responsibility, and, that being the case, the court held it to be unnecessary to prove that a formal attempt had been made to collect from an absconding or insolvent principal. The first paragraph of the syllabus in Commonwealth v. McDonald shows the point decided:

"While the liability of the sureties of a trustee is contingent on the principal being fixed personally for the debt and his inability to pay, yet, where the principal absconds, conceals himself, or resides beyond the jurisdiction of the court, or where by a decree of the orphans' court the devastavit of the principal is conclusively established, and his utter insolvency appears, an action will lie on the bond against the sureties, without proceeding first against the principal."

In the case now under consideration the alleged devastavit has not yet been established by a decree of the orphans' court, and may never be established. The inquiry has been suspended, and it is at least conceivable that it may end in his favor. Certainly no court would hold that he had misappropriated the money if he should be able to prove that he had applied it with the consent of all parties in interest. It seems to me, therefore, that the claim is not a provable debt. It is agreed that, if provable at all, it must fall within clause "a"(1) of section 63 (30 Stat. 562, c. 541 [U. S. Comp. St. 1901, p. 3447]). Re Gerson, 6 Am. Bankr. R. 11, 107 Fed. 897. But in my opinion that clause does not describe the bankrupt's obligation, because the liability, conceding it to be fixed, was certainly not "absolutely owing at the time of the filing of the petition against him." Let us suppose, for the moment, that this claim should be permitted to share in the bankrupt estate. It is at least possible that during the further proceedings upon the account of George L. Hubbard he may satisfactorily explain the use of the money that is now complained of as a wrongful conversion, and that the final decree will eliminate that

sum from his account. We should then have the anomalous situation of one court compelling the bankrupt estate of a surety to contribute toward a loss from which another court had exonerated the principal. A liability cannot be absolutely owing which is subject to the possibility of defeat.

The referee was right in his first report, disallowing the claim. The second report must be set aside.