## HIBBERD v. BAILEY.

(Circuit Court of Appeals, Third Circuit. February 22, 1904.)

### No. 41.

1. ADMINISTRATOR—RIGHT TO RECOVER ON BOND OF PREDECESSOR.

Under the statute of Pennsylvania, an administrator d. b. n. is authorized to demand and recover from his predecessor in the administration, or the sureties on his bond, all money due and belonging to the estate of the decedent.

2. BANKRUPTCY—PROVABLE CLAIMS—LIABILITY AS SURETY.

Where an orphans' court in Pennsylvania entered a decree nisi adjudicating the account of an administrator and directing a distribution, which decree was afterward "confirmed absolute," but later suspended as to the distribution, and the administrator directed to hold the "balance shown by said account" until further order of the court, such decree fixed the amount of the administrator's liability to the estate, and also that of the surety on his bond; and an administrator d. b. n. subsequently appointed, to whom the first administrator has been ordered by the court to pay over such amount, may prove the same in bankruptcy against the estate of the surety as a fixed liability evidenced by such decree, absolutely owing to the estate, within the meaning of Bankr. Act July 1, 1898, c. 541, § 63a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447].

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 123 Fed. 185.

J. B. Rettew, for appellant.

Rudolph M. Shick, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge. In March, 1895, John Wiseman, one of the bankrupts in the above-entitled case, together with another, was surety upon the bond of George L. Hubbard, administrator of George K. Hubbard, deceased, in the sum of $6,000. The condition of the bond, inter alia, was that George L. Hubbard, administrator of the estate of George K. Hubbard, should well and truly administer the said estate, should make and file an inventory and appraisement, according to law, should make or cause to be made, a just and true account of the said administration within one year from the date of the bond, or when thereunto legally required, and "all the rest and

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. §§ 488, 2521.

residue of the said goods, chattels and credits which shall be found remaining upon such administrator's account (the same being first examined and allowed by the orphans' court of the said county of Philadelphia) shall deliver and pay unto such person or persons respectively as the said orphans' court, by their decree and sentence pursuant to law, shall limit and appoint." On the 24th of May, 1896, an inventory and appraisement was filed in said estate, appraising the personal property of said decedent at the sum of $47,062.02, and on the 22d day of June, 1896, an account was filed by the administrator, showing a balance for distribution of $44,130.59. This account was audited by the orphans' court of Philadelphia county, Penrose, J. Upon the 28th of June, 1896, an adjudication nisi was filed, wherein it appeared that the balance for distribution, in the hands of George L. Hubbard, administrator, was $44,115.59, of which amount $33,-797.02 represented the interest of the late George K. Hubbard in the firm of George K. Hubbard & Co., the balance being a cash asset. This balance, with interest, if any, was awarded in equal shares to the children of the decedent. At the expiration of the period at which adjudications nisi under the rules of the orphans' court were made absolute, if not excepted to, to wit, July 18, 1896, the decree was marked as of that date, "Confirmed absolute." No exceptions were ever filed to the account of the said administrator. On the 9th day of July, A. D. 1896, one John Quincy Adams filed in the court of common pleas of Philadelphia county, a bill in equity against George L. Hubbard, administrator of the estate of George K. Hubbard, deceased, et al., praying for a partnership accounting, and alleging, inter alia, that the estate of George K. Hubbard was indebted to him in a large sum. On the 18th day of July, A. D. 1896, upon application of the counsel of the said Adams to the orphans' court, Penrose, J., in chambers, indorsed upon the back of the adjudication the words "Confirmation of account is suspended until further ordered." This, it will be observed, was upon the same day that, in accordance with the rules of the court, "confirmation absolute" of the said decree of adjudication nisi had been entered upon its records. Attached to the said adjudication, is the following order of the orphans' court, made on the 12th day of October, 1896, signed by Penrose, J.:

"Estate of George K. Hubbard, deceased.

"Now, October 12, 1896, confirmation of the adjudication of the account of George L. Hubbard, administrator, filed July 1, 1896, having, upon petition of J. Quincy Adams, claiming as a creditor, been suspended until further order and the matter having come for further hearing before the auditing judge on the day first above mentioned; and it appearing that claim of said John Quincy Adams grows out of and involves a settlement of a partnership account existing at one time between the claimant and the decedent, which settlement is not within the jurisdiction of this court. It is therefore ordered that the distribution ordered by the said adjudication be suspended and that the balance shown by said account be held by the accountant until the settlement of the said partnership account, and the ascertainment of the amount if any being due the said John Quincy Adams, or until further order of the court.                                            C. B. Penrose, Judge."

On the 9th day of April, 1902, John Wiseman, who was surety as aforesaid on the administration bond of George L. Hubbard, was ad-

judicated a bankrupt.  On the 18th of September, 1902, George L. Hubbard was removed from his office of administrator, and ordered to pay over to his successor, thereafter to be appointed by the register of wills, all moneys, chattels and securities belonging to the estate of the said George K. Hubbard, deceased.  On the 23d day of September, 1902, Dilworth P. Hibberd was appointed by the said register of wills administrator d. b. n. of the estate of George K. Hubbard, deceased, and was duly qualified to act, and thereupon made demand upon the said George L. Hubbard to pay over all the moneys, chattels and securities in his hands, that had been charged to him as administrator of said estate by the decree of the orphans' court.  Said Hubbard was then unable to comply with the said order and decree, having been adjudicated a bankrupt, and wholly failed to turn over the moneys of the estate that had been loaned to his firm.  Dilworth P. Hibberd, administrator d. b. n., thereupon presented and offered to prove a claim against the said John Wiseman, in bankruptcy, upon his liability as surety in the said administration bond, in the sum of $6,000, the full amount of the penalty thereof.  Objection was made to this claim before the referee, by the trustee in bankruptcy, upon two grounds:

"(1) That the administrator d. b. n. had no right to present a claim on the bond of his predecessor, George L. Hubbard.  (2) That the claim was not provable in bankruptcy, because of its being a contingent liability."

The referee at first disallowed the claim, but, upon exceptions to his report, afterwards decided that the claim was provable in bankruptcy.  Upon an appeal taken to the District Court, that court reversed the decision of the referee, and held that the claim was not provable.  123 Fed. 185.  From this decree of the District Court, the present appeal has been taken.

The question raised upon the first objection, viz.:  Can an administrator d. b. n., in the state of Pennsylvania, maintain an action in the name of the commonwealth, to his use, against a surety on a bond of a previous administrator, is answered by the act of Assembly of that state, of February 24, 1834, § 31 (P. L. 78) by which it is provided that:

"Administrators d. b. n., with or without a will annexed, shall have power to demand and recover from their predecessors in the administration, or their legal representatives, all moneys, goods and assets remaining in their hands, due and belonging to the estate of the decedent."

We do not understand that the effect of this statute, in determining the question above stated, was contested by the appellee in his argument before this court.  It is well, however, to read, in connection with the language of the statute, the following portion of the condition of the bond, executed by the bankrupt, viz.:

"That the administrator, George L. Hubbard, should make, or cause to be made, a just and true account of his said administration * * * and all the rest and residue of the said goods and chattels and credits which shall be found remaining upon the said administrator's account, the same being first examined and allowed by the orphans' court of the county having jurisdiction, shall deliver and pay unto such person or persons as the said orphans' court, by their decree or sentence, pursuant to law, shall limit and appoint."

129 F.—37

The surety is undoubtedly liable upon this condition of the bond, for the performance of all such duties as are or may be imposed by law. The right of the administrator d. b. n. to demand, and the duty of the removed administrator to pay over to him, all of the moneys, goods and assets remaining in his hands, due and belonging to the estate of the decedent, is clearly imposed by the law of Pennsylvania.

The question presented for our determination is, has the liability of the principal in the bond been so legally liquidated and ascertained, as to the amount and the person to whom due, as to have fixed the liability of the surety therein at the time of the filing of the petition in bankruptcy?

These bonds, conditioned for the fidelity of an officer, such as an administrator or executor, appointed by law to discharge plain and well-defined duties, being taken in the name of the state, are held in trust by their legally designated custodian for the protection of those, who thereafter may be injured by the default of such officer in any of the duties covered by the condition of his bond. Such persons are ordinarily creditors or legatees, and prior to the act of 1834, in Pennsylvania, and above recited, an administrator d. b. n. could not in that commonwealth maintain an action to his use against either principal or surety on the bond of a previous administrator. A creditor or legatee, who desired to recover from a surety the legacy or debt unlawfully withheld from him by an executor or administrator, must first have brought suit against such administrator or executor as the principal on the bond, and have thus ascertained a definite amount due from such defaulting official to himself. Under the law and practice as obtaining in Pennsylvania, the orphans' court is vested with jurisdiction, not only to audit the accounts of executors and administrators, and charge them with the unadministered balance remaining in their hands and due the estate of their decedents, but also, upon proper proceedings had before them, to make distributive decrees, ascertaining the amount due and the persons to whom payable. A decree thus fixing an amount due and the person to whom payable, fixes the liability of the administrator or executor as principal in his bond. If such principal be insolvent, or his inability to pay be otherwise demonstrated, or, without regard to the ascertainment of these facts, nothing further is required to make certain and definite the liability of the surety in such bond. In the case of a creditor or legatee, there must be evidence produced before the orphans' court, showing the amount, as well as the ground, and existence of his claim as a lawful one, upon which a definite order and decree of the court can be made.

Assuming, as we do, that since the Pennsylvania act of 1834, above alluded to, the claim of an administrator d. b. n. against his predecessor in office is protected by the administration bond of such predecessor, the conclusion seems necessarily to follow, that the adjudication of the orphans' court finding a definite amount remaining in said predecessor's hands after an audit, and charging him with the same for distribution, fixes his liability upon his bond, and consequently the liability of his surety. The liability is to the estate of the decedent, and it does not intermit or become suspended by reason of

the fact that the situation does not yet admit of the appointment of an administrator d. b. n. The liability is for the whole amount found due to the decedent's estate, and no further adjudication is necessary, as in the case of a legatee, who must legally establish his claim out of the fund so remaining in the hands of the administrator.

Coming then, to the case before us, we are to consider how far, under the sixty-third section of the bankrupt act, par. "A," Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447], the claim of the estate of George K. Hubbard, deceased, was provable by his administrator d. b. n. against the estate of the bankrupt, surety on the administration bond. Paragraph "a," of the section referred to, describes as a provable debt, inter alia:

"A fixed liability as evidenced by a judgment or an instrument in writing absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date, or with a rebate of interest upon such as were not then payable and did not bear interest."

The law of Pennsylvania fixes the liability of an administrator to pay over to his successors in office all the moneys, goods and assets remaining in his hands and due and belonging to the estate of the decedent. The amount "due and belonging to the estate of the decedent" was in this case ascertained by the adjudication of the orphans' court, made and entered of record upon the 28th of June, 1896, and finally confirmed by the order and decree of October 12, 1896, recited above in full from the record. Though distribution by this latter decree was suspended until further order, the amount "due and belonging to the estate of the decedent" was confirmed. No further evidence was necessary to fix the amount due or ascertain to whom the same was due, as in the case of a legatee claiming some part of the whole sum. The whole amount found by the decree of June 28th, and confirmed by that of October 12th, to be in the hands of the administrator, was, by virtue of the said adjudication, "due and belonging to the estate of the decedent." It is not required in Pennsylvania, that the administrator should be pushed to insolvency. A judgment at law or a decree of the orphans' court ascertaining the amount of his personal responsibility, and to whom, is all that is necessary as a prerequisite to a proceeding against the surety. Commonwealth v. Stub, 11 Pa. 150, 51 Am. Dec. 515.

The liability, therefore, of the surety in the bond, was a fixed liability, evidenced by the said adjudication at the time of the filing of the petition against him, whether then payable, or not. It is true, that the appointment of the administrator d. b. n. and the order of the orphans' court, of September 18, 1902, ordering and directing the said George L. Hubbard "forthwith to pay and turn over to the administrator so appointed all the moneys, chattels and securities belonging to the said estate," were not made until after the filing of the petition in bankruptcy. But the liability of the former administrator to the estate of the decedent, was fixed by an adjudication long prior to the bankruptcy proceedings. The act, as we have seen, expressly makes it a matter of indifference, whether said liability be payable at the time of adjudication evidencing it, or not. The debt was due the

estate. The administrator d. b. n. was merely the ministerial officer to demand and collect it as such. The right to file such claim depended upon the existence of a fixed liability properly adjudicated, as due and belonging to the estate prior to the filing of the petition in bankruptcy, not upon the date of the appointment of the administrator d. b. n., who was authorized by law to enforce such liability.

We are of opinion that a liability has been established against the principal to a greater amount than the liability of the bond; that that liability was fixed at the time of the filing of the petition in bankruptcy, and therefore became a fixed liability against the surety and bankrupt, such as is required by the provisions of the sixty-third section of the bankruptcy act.

We have carefully examined, but do not deem it necessary to discuss, the authorities cited on either side in the argument before us. Most, if not all, of those cited by the appellee, refer to the fixing of the liability of the executor or administrator to the particular creditor, legatee or distributee suing on the bond. In such case, of course, there is the necessity of another adjudication than that establishing the liability of the administrator to the estate of the decedent. Here, we are concerned with the primary liability to the estate which, as we have seen, is covered by the first adjudication.

The order of the court below, in setting aside the report of the referee, must be reversed, and the said report, allowing the claim of the said Dilworth P. Hibberd, administrator d. b. n. of the estate of George K. Hubbard, deceased, against George W. Bailey, trustee of the estate of John Wiseman, bankrupt, is confirmed.