### In re RUTLAND REALTY CO.

#### (District Court, S. D. New York. March 21, 1907.)

BANKRUPTCY—CORPORATIONS—"MANUFACTURING" DEFINED.

An allegation in a petition in bankruptcy against a corporation that it "is engaged in the business and was incorporated for the purpose of building houses" as against a demurrer is sufficient to bring the corporation within the scope of Bankr. Act July 1, 1898, § 4b, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], as one engaged in "manufacturing."

[Ed. Note.—What persons are subject to bankruptcy law, see Mattoon Nat. Bank of Ill. v. First Nat. Bank, 42 C. C. A. 4.]

In Bankruptcy. On demurrer to involuntary petition and motion to vacate receivership and order for examination.

HOUGH, District Judge. The point principally argued under the demurrer, i. e., whether the allegation that the Rutland Realty Company "is engaged in the business and was incorporated for the purpose of building houses," brings the alleged bankrupt within the scope of the act of 1898, raises a question of considerable doubt which requires, and will some time receive, the attention of the appellate tribunals.

The question ought not to be left on demurrer. Evidence should be taken before such a question is decided; but, as this matter stands, the demurrer must be decided in accordance with familiar principles, i. e. (1) that every intendment of a pleading shall be taken against a demurrer, and (2) that section 4b of Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], in so far as it enumerates the classes of corporations subject thereto, is to be strictly construed. In re N. Y. & New Jersey Ice Lines, 147 Fed. 214, 77 C. C. A. 440.

Acting under the first principle, I understand the allegation of the petition to mean that the alleged bankrupt did not build its own house, but built, or tried to build, or intended to build, houses generally, to be sold. The most philosophical definition of "manufacture" known to me is the language of Justice Brown in Tidewater Oil Co. v. U. S., 171 U. S. 216, 18 Sup. Ct. 837, 43 L. Ed. 139, viz., that the word is now "ordinarily used to denote an article upon the material of which labor has been expended to make the finished product." It is hard to conceive of any human action more accurately corresponding to this description or definition than the building of a house; and one of the definitions of "build," found in the Century Dictionary, is to "form by uniting materials into a regular structure." Turning to the decisions, the Columbia Iron Works v. National Lead Co., 11 Am. Bankr. Rep.

340, 127 Fed. 99, 62 C. C. A. 99, 64 L. R. A. 645, and In re Marine Construction & Dry Dock Co., 11 Am. Bankr. Rep. 640, 130 Fed. 446, 64 C. C. A. 648, certainly hold that shipbuilding is manufacture; while In re Niagara Contracting Co. (D. C.) 11 Am. Bankr. Rep. 643, 127 Fed. 782, distinctly holds that "the construction of buildings and bridges" is within the act.

Remembering the second canon of construction, i. e., that the enumeration of corporations is to be strictly construed, I cannot but think that where a statute declares that all corporations shall be taxed except manufacturing corporations that the word "manufacturing" should be construed as strictly in favor of the tax as any one could desire the construction of the same word under the act of 1898. Yet under a Pennsylvania act of this nature bridge building companies have been held to be manufacturing companies (Commonwealth v. Pittsburgh Bridge Co., 156 Pa. 507, 27 Atl. 4; Commonwealth v. Keystone Bridge Co., 156 Pa. 500, 27 Atl. 1); so, also, of the disposing of garbage with incidental production of fertilizers (Southern Chemical, etc., Co. v. Board of Assessors, 48 La. Ann. 1475, 21 South. 31); the production and distribution of electricity, although the generation of electric current is but the guiding into a new channel of a natural element or force (People v. Wemple, 129 N. Y. 543, 29 N. E. 808, 14 L. R. A. 708; contra, Commonwealth v. Northern Electric, etc., Co., 145 Pa. 105, 22 Atl. 839, 14 L. R. A. 107, Commonwealth v. Edison, etc., Co., 170 Pa. 231, 32 Atl. 419); so, also, of the production of gas, although that is but a product of nature freed from its environment by mechanical process (Nassau Gas Light Co. v. Brooklyn, 89 N. Y. 409).

On the other hand, the Court of Appeals of this state, which has at times interpreted the word "manufacturing" quite widely, uses in People v. N. Y., etc., Dry Dock Co., 92 N. Y. 487, the illustration of house building as something that would not come within the term "manufacture." This is by no means a full view of the cases; but taken in conjunction with the decision upon which the demurrer relies (Butt v. MacNichol Construction Co., 140 Fed. 840, 72 C. C. A. 252) it serves to show the impossibility of reconciling the decisions seeking to interpret this common word.

In truth the commonest words, when placed in statutes, are far more difficult of accurate interpretation than words of special or technical signification. The attrition of daily use makes them apt to convey some idea, but inapt to accurately express a technical idea. Under such circumstances it seems to me best to have resort to the widest and most general meaning of the word, and to consider whether such meaning is suitable and appropriate for the purposes and object of the statute which contains the word considered. I perceive no reason why a building company should not be within the purview of the bankruptcy statute as much as one engaged solely in the manufacture and sale of clothing or other familiar product. The first branch of the demurrer is overruled.

I can find no support for the petition under the second branch of the demurrer. A consideration of the circumstances in Cobb v. Overman, 109 Fed. 65, 48 C. C. A. 223, 54 L. R. A. 369, and Hibberd v. Bailey, 129 Fed. 575, 64 C. C. A. 143, shows the necessary limitations

surrounding the words "provable debt." The petitioner Marcuson has no provable debt, so far as the petition shows, because he is under no fixed liability. There is nothing debitum in præsenti; and, although his liability may be solvendum in futuro, there is absolutely nothing to show at what figure it will be liquidated, and until it is liquidated there is nothing due at all.