[L. A. No. 3791. Department Two.—December 17, 1914.]

C. K. DOUGLAS, Respondent, v. BERLIN DYE WORKS AND LAUNDRY COMPANY (a Corporation), Appellant.

ACTION FOR DAMAGES — PERSONAL INJURIES — EVIDENCE — MEDICAL OPINION—CROSS-EXAMINATION.—When an expert, called on behalf of one of the parties, gives his opinion on a scientific question, opposing counsel have a right on cross-examination to inquire upon what the opinion of the expert is based; whether upon his own experience, or upon accredited authorities of his profession, or both, so that if the witness asserts that his opinion is based on standard authorities counsel may, if such authorities relied on do not sustain his claim, show that fact to the jury for the purpose of discrediting his opinion or statement on the subject.

ID.—PERIOD OF GREATEST PERCENTAGE OF DIABETES—WHEN EXCLUSION OF TESTIMONY AS TO BASIS FOR NOT ERROR.—In an action for damages for personal injuries, where plaintiff's attending physician testified that the latter was permanently afflicted with traumatic diabetes, gave his opinion as to the period of life when the percentage of diabetes is the greatest, and stated that such opinion was based partly upon his own experience, it was not error to sustain an objection to a question asked him on cross-examination as to what authority he relied upon for his opinion.

ID.—INSTRUCTION—CREDIBILITY OF PARTY—PROPER REFUSAL OF INSTRUCTION.—In an action for damages for personal injuries, where

it is evident that the instruction was intended to particularly caution the jury as to its consideration of the evidence of the plaintiff, it is not error to refuse to instruct the jury, at the request of the defendant, that, "In determining the weight and credibility of the evidence of a party to the contest, you may take into consideration his interest in the result of the verdict."

ID.—DAMAGES—PROVINCE OF JURY—REVIEW OF VERDICT BY TRIAL AND APPELLATE COURT—VERDICT NOT EXCESSIVE.—In an action for damages for personal injuries, it is the province of the jury to determine the amount that plaintiff should receive as compensation therefor, subject, if it is excessive, to consideration and control by the trial court, and where that court has approved the verdict on a motion for new trial, the supreme court will not disturb it unless.it appear to be wholly disproportionate to the injuries received, which is held not to be so in this case.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Hickcox & Crenshaw, for Appellant.

E. B. Drake, for Respondent.

LORIGAN, J.—This action was brought to recover damages for personal injuries sustained by plaintiff in a collision on a public thoroughfare between an automobile in which he was riding and an automobile delivery wagon operated by defendant, the claim being that the accident occurred through the negligence of the latter.

Plaintiff had a verdict and judgment thereon for ten thousand dollars. A motion for a new trial was denied and defendant appeals from the order of denial and the judgment.

On the trial of the action defendant admitted that its negligence, as charged, caused the injury to plaintiff, and its liability therefor, the only issue presented to the jury being as to the amount of damages sustained by the plaintiff.

At the time of the accident plaintiff was fifty-four years of age, in good health; free from mental or physical trouble. In the head-on collision between the vehicles he was thrown violently to the ground. As the result thereof, aside from cuts and bruises about his face and body, there was a fracture of the base of the skull, accompanied by concussion of the brain

and hemorrhage from the ear and nose; his left knee was injured, a deep gash being cut in it and the ligament that held the cap of the knee to the large bone had been torn entirely across; there was also injury to his spinal column and displacement of several of the vertebra. The evidence shows that the plaintiff became affected with permanent traumatic diabetes as a result of the injury at the base of his brain, and that his hearing and vision had become permanently and seriously impaired therefrom; that the injury to the ligament at the knee joint occasioned a permanent displacement of the knee cap so as to make it impossible for plaintiff to walk without the use of crutches or a cane, and then only with great care and caution and constant liability to danger of the knee joint slipping out; and that the injury to the spine had produced physical sexual inability in the plaintiff. In addition to these particular results of the injury and aside from the great pain and suffering which resulted therefrom, there was a general impairment of the mental and physical condition of plaintiff. His nervous condition has become very low; there has been a failure of memory, and he still suffers and will continue to suffer from the injuries inflicted on him.

Appellant bases its right to a reversal upon three grounds only: That the court erred in sustaining an objection of plaintiff to an inquiry made by defendant on cross-examination of one of the witnesses produced by the plaintiff; that it erred in refusing to give an instruction to the jury requested by defendant; and it is further claimed that the verdict of the jury is excessive in the award of damages.

As to the first point. Dr. H. M. Coulter, the attending physician of the plaintiff, in the course of his direct examination, testified that plaintiff was permanently affected with traumatic diabetes, which in his opinion was the result of the fracture of the base of the skull received in the accident. As a final question on cross-examination of the doctor by the attorney for defendant, the following took place:

"Q. Isn't from fifty to sixty the most common period of life, that the percentage of diabetes among people of that age is much greater than at any other period of life?

"A. I should say from thirty to fifty, partly from my own experience.

"Q. What authority do you rely on in regard to that?

"Mr. Drake.  (Attorney for plaintiff.)  I object to that as it is not cross-examination.  He does not claim to base it on anything but his experience.

"Mr. Hickcox.  (Attorney for defendant.)  He has testified as to his professional—

"Mr. Drake.  He has made the statement that it was from thirty to fifty, on his experience.

"Mr. Hickcox.  He said he based his statement on Keene and Osler.

"The Court.  Sustained."

It is claimed by counsel for appellant that it was error on the part of the court not to permit an answer to the question above quoted.  It is insisted that when an expert, called on behalf of one of the parties, gives his opinion on a scientific question, opposing counsel have a right on cross-examination to inquire upon what the opinion of the expert is based; whether upon his own experience, or upon accredited authorities of his profession, or both, so that if the witness asserts that his opinion is based on standard authorities counsel may, if such authorities relied on do not sustain his claim, show that fact to the jury for the purpose of discrediting his opinion or statement on the subject.  As a legal proposition this may be conceded.  (Rogers on Expert Testimony, sec. 37, 2d ed.; *Gallagher* v. *Market St. Ry. Co.,* 67 Cal. 17, [51 Am. Rep. 680, 6 Pac. 869].)  But we hardly think that there was either such a clear violation of the rule or a denial of a substantial right of appellant thereby in sustaining the objection to the inquiry as would warrant this court in reversing the cause for such alleged error, the only one claimed to have occurred on the trial where a considerable number of witnesses testified.  At most, what appellant insists it had a right to do was to find out whether in fact the witness relied on any medical authority in support of his opinion with a possible chance that if he did so rely an examination of the authority referred to might show that it did not agree with him.  But, strictly speaking, there was no error committed by the court in its ruling.  Counsel for appellant asserted his right to ask the question not upon any suggestion of the rule, but upon the assumption that the witness had "based his statement on Keene & Osler"—medical authorities we assume.  If he had so testified then the question had already been answered.  As matter of fact, however, the witness had not testified that he based his opinion on such authority or any authorities at all.

All he said was he based it "partly upon my own experience." It is evident from what was said in discussing the objection to the question that this part of the answer had escaped the attention of the attorneys on both sides and the court. Counsel for respondent and the court were of the opinion that the witness had testified that he based his opinion on his own experience, and counsel for appellant was of the impression that he had mentioned certain authorities. All of them were mistaken in the matter. In this situation of misunderstanding there was nothing to prevent appellant from asking the witness directly whether he relied on any medical authority in support of his opinion, which was the proper inquiry to have made, instead of erroneously assuming, as his inquiry did, that the witness had testified to that effect.

The next complaint of appellant is the refusal of the court to give an instruction to the jury asked by defendant as follows: "In determining the weight and credibility of the evidence of a party to the contest, you may take into consideration his interest in the result of the verdict." Coming from the appellant, and as is evident from its phraseology, this instruction was intended to particularly caution the jury as to its consideration of the evidence of the plaintiff because of "his interest in the result of the verdict." An instruction of this character has been so often condemned that there is no necessity of discussing it. (*Kauffman* v. *Maier*, 94 Cal. 269, [18 L. R. A. 124, 29 Pac. 481] ; *People* v. *Wardrip*, 141 Cal. 231, [74 Pac. 744] ; *People* v. *Maughs*, 149 Cal. 253, [86 Pac. 187] ; *People* v. *Ryan*, 152 Cal. 364, [92 Pac. 853] ; *Dow* v. *City of Oroville*, 22 Cal. App. 215, [134 Pac. 197].)

As to the last claim of appellant that the verdict is excessive. We have set forth in main the mental and physical results to plaintiff consequent on the injuries he had sustained. It was the province of the jury to determine the amount that he should receive as compensation therefor, subject, if it was excessive, to consideration and control by the trial court. That court, on the motion for a new trial made before it, in which this same ground was urged, has approved the verdict. Under these circumstances we could not disturb it unless it appear that it was wholly disproportionate to the injuries received by the plaintiff, and this we cannot say.

The judgment and order appealed from are affirmed.

Melvin, J., and Henshaw, J., concurred.