## MOORE v. DOUGLAS.

### In re BERLIN DYE WORKS & LAUNDRY CO.

(Circuit Court of Appeals, Ninth Circuit. March 6, 1916.)

No. 2665.

1. BANKRUPTCY ☞315(1)—CLAIMS PROVABLE—JUDGMENTS APPEALED FROM—"JUDGMENT"—"PENDING."

Bankr. Act July 1, 1898, c. 541, § 63a, 30 Stat. 562 (Comp. St. 1913, § 9647), authorizes the proof of debts which are a fixed liability as evidenced by a judgment absolutely owing at the filing of the petition, whether then payable or not, or which are founded upon open account or a contract, express or implied. Code Civ. Proc. Cal. § 577, provides that a judgment is the final determination of the rights of the parties in an action or proceeding. Section 1049 provides that an action is deemed "pending" until its final determination upon appeal, or until the time for appeal has passed unless the judgment is sooner satisfied. *Held*, that a judgment recovered for personal injuries prior to the filing of the petition, from which an appeal had been taken without executing a supersedeas bond, necessary to stay execution under Code Civ. Proc. Cal. § 942, was provable, as a "judgment" is a liability, and is absolutely owing when rendered and entered, and it is immaterial whether it is admissible in evidence under the state laws, as the Bankruptcy Act makes a judgment evidence to prove a fixed liability if the liability exists.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 491; Dec. Dig. ☞315(1).

For other definitions, see Words and Phrases, First and Second Series, Judgment; Pending.]

2. BANKRUPTCY ☞314(1)—CLAIMS PROVABLE—UNLIQUIDATED CLAIMS.

Bankr. Act, § 63b, providing that unliquidated claims may be liquidated as the court shall direct and thereafter proved and allowed, does not enlarge the class of provable debts, but only permits the liquidation of unliquidated claims provable under section 63a.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469, 471, 477, 478; Dec. Dig. ☞314(1).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

In the matter of the Berlin Dye Works & Laundry Company, bankrupt. From an order (225 Fed. 683) allowing the claim of C. K. Douglas, Wm. H. Moore, Jr., trustee, appeals. Affirmed.

W. T. Craig, Carroll Allen, Benjamin E. Page, and Dave F. Smith, all of Los Angeles, Cal., for appellant.

E. B. Drake, of Los Angeles, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. C. K. Douglas, appellee here, recovered a judgment against the Berlin Dye Works & Laundry Company, a corporation, now a bankrupt, on July 11, 1913, in the superior court of the state in Los Angeles county, in an action theretofore brought by Douglas against the above-named corporation for damages for personal injuries suffered by reason of alleged negligence of the corporation. After the entry of the judgment referred to, on September 10, 1913, the corporation appealed from the judgment to the Supreme Court of the state. In appealing the corporation executed a cost bond in the sum of $300, but failed to execute any supersedeas bond as provided in section 942 of the Code of Civil Procedure of California.

September 15, 1913, petition in involuntary bankruptcy was filed against the corporation, and on October 7, 1913, adjudication in bankruptcy was entered. On February 14, 1914, Douglas, appellee, filed a claim against the estate based upon a certified copy of the judgment. On April 21, 1914, the claim of Douglas was presented to the referee in bankruptcy for allowance. The trustee objected upon the ground that Douglas had no provable claim against the estate of the bankrupt, and that the judgment upon which the claim was based was not a final judgment. On December 17, 1914, the judgment in favor of Douglas was affirmed by the Supreme Court of the state. Thereafter, on February 1, 1915, the claim of Douglas was disallowed by the referee in bankruptcy. Review was had by the District Court, and the order of the referee was reversed, and an order directed allowing the claim. Appeal from the order of the District Court brings the matter before this court.

[1] Section 63a of the Bankruptcy Act, in providing for debts which may be proved, includes:

(1) "A fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest;" (4) "founded upon an open account, or upon a contract express or implied."

[2] When we read this section with 63b, we find that by the latter, provision is made for unliquidated claims against a bankrupt, which may be liquidated upon application to the court in such manner as it

shall direct and may thereafter be proved and allowed against his estate. It is thoroughly established that paragraph "b" does not enlarge the class of debts which may be proved under paragraph a; it does, however, permit an unliquidated claim to be liquidated as the court may direct provided, always, such claim is one within the provisions of 63a. Dunbar v. Dunbar, 190 U. S. 340, 23 Sup. Ct. 757, 47 L. Ed. 1084. So we must resolve the present case by deciding whether the claim was a debt provable and allowable against the bankrupt's estate at the time of the filing of the petition against him, or on September 15, 1913. A judgment being a liability, the judgment debtor becomes, generally speaking, subject to a charge or duty which may be judicially enforced. We know of no reason why a judgment rendered before petition in bankruptcy is filed in an action upon a liability arising out of a tort should be regarded as less a debt owing under section 63a than if it were one arising upon other obligations or liabilities.

It is said that such a judgment is not a "fixed liability," that it is not one "absolutely owing" at the date of filing of the petition, and hence is not provable and allowable. The argument is that, it being the duty of the federal courts to give to judgments of the state courts the same force and effect they have under the state laws, the judgment herein did not, under the statutes of California (section 577, Code of Civil Procedure) become a final determination of the rights of the parties because, appeal having been taken in due time and manner, the action, under section 1049, California Code of Civil Procedure, is to be "deemed pending" from the time of its commencement until its final determination upon appeal. Going on with this argument appellant would test the force and effect of the judgment by inquiring whether under the laws of the state it would be evidence and conclusive as to the amount due under it. But inasmuch as the judgment fixed a liability of the bankrupt and was in effect when the petition against the bankrupt was filed, by force of the bankruptcy statute (section 63a), it became the evidence of a debt against his estate. It is true the judgment was subject to review on appeal to a higher state court, but there was nevertheless a valid judgment existing and of record. The appeal may have suspended the operation of the judgment as an estoppel and rendered it inadmissible as evidence in a litigation between the parties. But, even so, there was no longer an unliquidated claim of liability for tort which concededly could not be made a provable claim. We need not dwell upon possible distinctions between the meaning of the word "debt" as used in the Bankruptcy Act and statutes which are not similar to 63a, because we think the qualifying language of 63a is in itself a sufficient guide for interpreting the statute under consideration. Its terms are reasonably clear and furnish their own characterization of what liability is included within the debts provided for. A debt to be provable and allowable against a bankrupt's estate must be a "fixed liability as evidenced by a judgment," and the judgment must be "absolutely owing" at the time of the filing of the petition against the bankrupt. Rulings of the courts of the state against the admissibility in evidence of a judgment as not a final adjudication as to the

rights of the parties, because the action in which the judgment is rendered is still pending, are not controlling for the reason that under the Bankruptcy Act, a judgment being made evidence to prove a fixed liability, if the liability exists, the question of provability is settled, and we need not consider the effect of the judgment from a general evidentiary standpoint.

Where a judgment has not been paid, or has not been superseded on appeal by a bond given pursuant to the Code of Civil Procedure of the state, surely the judgment debtor cannot avoid the effect of levy and execution. And here the effect of the appeal by giving the cost bond did not itself operate to stay execution or to stay proceedings or to make the judgment any the less an obligation absolutely owing by the bankrupt. As already said, the liability was fixed and evidenced by the judgment existing prior to and at the time of the filing of the petition in bankruptcy. The Bankruptcy Act expressly makes it unimportant whether or not the liability is payable at the time of the filing of the petition. If the debt was then a fixed liability in the form of a judgment the right to file the claim existed. Hibberd v. Bailey, 129 Fed. 575, 64 C. C. A. 143. A judgment is primarily absolutely owing when rendered and entered. If it has been paid before the petition in bankruptcy against the judgment debtor has been filed, or if some agreement of satisfaction has been had, or, perhaps, if the judgment is of a kind where it is very uncertain whether an actual duty to pay has arisen, in such cases the judgment would not be absolutely owing. But as the record here presents no questions of that nature we need not consider them.

To sustain appellant's contention would make it easy for one who has become insolvent to defeat a judgment founded upon a wholly meritorious cause of action. All he would have to do would be to take the simple steps providing for appeal, give a bond to cover costs, and by these steps prevent proof and allowance of a just claim to a judgment creditor. We are reluctant to believe that the bankruptcy statute calls for such a construction. These views are not inconsistent with action which may appropriately guard against possible reversal upon appeal in the state courts: It would generally be just that the referee in bankruptcy should upon proper showing postpone order for dividends to the judgment creditor until the appeal may have been disposed of. In re Buchan's Soap Corporation (D. C.) 169 Fed. 1017. This course was followed in the present instance, and thereafter the judgment of the superior court was affirmed. Douglas v. Berlin Dye Works, 169 Cal. 28, 145 Pac. 535.

The order appealed from is affirmed.