In re H. E. PAGE MOTOR CAR CO.

(District Court, D. Massachusetts.	April 4, 1918.)

No. 25794.

1. BANKRUPTCY &wkey;81(1)—PROCEEDINGS—COMMENCEMENT—PETITIONING CREDITOR.

Proceedings date from the filing of the petition in bankruptcy, and prima facie at least it is sufficient if petitioner be alleged to be a creditor on that date.

2. BANKRUPTCY &wkey;76(1)—ASSIGNEES—RIGHTS OF AS PETITIONING CREDITORS.

Where a petitioner's assignor was a creditor at the time of the debtor's commission of an act of bankruptcy, the assignee may join as a petitioner in bankruptcy having the same rights as his assignor, except in cases where the assignment was taken as a part of an unlawful or oppressive scheme.

3. BANKRUPTCY &wkey;81(1)—PETITION—ASSIGNMENT.

Where one of the petitioning creditors received his claim by assignment after commission of the act of bankruptcy, it is unnecessary that a copy of the assignment be annexed to the petition.

In Bankruptcy. In the matter of the bankruptcy of the H. E. Page Motor Car Company. On motion to dismiss. Motion denied.

A. M. Schwarz and S. A. Dearborn, both of Boston, Mass., for petitioning creditors.

Joseph B. Jacobs and Jacobs & Jacobs, all of Boston, Mass., for respondent.

MORTON, District Judge. On December 24, 1917, three creditors filed this involuntary petition in bankruptcy, alleging but one specific act of bankruptcy, viz. a preferential conveyance made by the alleged bankrupt on December 12, 1917. The petition did not show that any one of the three petitioning creditors was a creditor of the respondent at the date of the alleged act of bankruptcy, and it did show as to one of them, Fine, that he held his claim by assignment, without setting out a copy of the instrument of assignment.

On January 14th the respondent moved to dismiss because of the insufficiency of the petition. On February 2d a fourth creditor, whose claim is not assailed, intervened as a petitioner. On February 9th the petition was amended, so as to state that the claim of Fine's assignor had accrued before December 12th (the date of the act of bankruptcy), and a copy of the assignment to him was annexed.

[1] The questions are: (1) Whether the petition was sufficient as filed; and, if not, (2) whether the intervention of the fourth creditor made it good. As to (1) it is not necessary that an involuntary petition show on its face that the petitioners were creditors at the time of the act of bankruptcy alleged. The proceedings date from the filing of the petition, and, prima facie at least, it is sufficient if a petitioner is alleged to be a creditor on that date. In re Lewis F. Perry & Whitney Co. (D. C.) 172 Fed. 752, affirmed 175 Fed. 52, 99 C. C. A. 68; Emerine v. Tarault, 219 Fed. 68, 70, 134 C. C. A. 606 (C. C. A. 6th Cir.); In

&wkey;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

re Kehoe, 36 Am. Bankr. Rep. 891 (C. C. A. 2d Cir.); In re Van Horn, 41 Am. Bankr. Rep. 12 (C. C. A. 3d), directly in point.

[2, 3] Fine's assignor was a creditor at the time of the act of bankruptcy, and, if it had retained its claim, was in no way disqualified, so far as appears, from joining as a petitioner. In this respect the present case is very different from In re Lewis F. Perry & Whitney Co., supra, relied on by the respondent. I am aware of no decisions in which it has been held that an assignee has less rights in this respect than his assignor, except in cases where the assignment was taken as part of an unlawful or oppressive scheme. Leighton v. Kennedy, 129 Fed. 737, 64 C. C. A. 265. There was no requirement of law that a copy of the assignment should be annexed to the petition.

The petition was, in my opinion, good as originally filed. Certainly it was not so obviously insufficient on its face that it would not furnish a foundation for subsequent intervention by the other creditor.

Motion to dismiss denied.