**In re EADS et ux.**

(District Court, W. D. Washington, S. D. October 15, 1926.)

No. 5575.

1. **Bankruptcy** ☞54—As respects solvency, verdict against alleged bankrupts in suit for wrongful death held not "debt," within Bankruptcy Act, notwithstanding Washington statute (Bankruptcy Act, § 1, subd. 11, § 63a, subd. 5, and § 63b [U. S. Comp. St. §§ 9585, 9647]; Rem. Comp. Stat. Wash. § 431—1).

As respects solvency, verdict against alleged bankrupts and others in suit for wrongful death *held* not a "debt," within Bankruptcy Act, § 1, subd. 11, section 63a, subd. 5, and section 63b (U. S. Comp. St. §§ 9585, 9647), notwithstanding Rem. Comp. Stat. Wash. § 431—1.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

2. **Bankruptcy** ☞54—As respects solvency, bankruptcy court will not give judgment or verdict effect given it in state court, if contrary to rule declared in Bankruptcy Act (Bankruptcy Act, § 63 [Comp. St. § 9647]).

As respects solvency, in view of Bankruptcy Act, § 63 (Comp. St. § 9647), declaring rule by which bankruptcy court will be governed, that court will not give a judgment or verdict the same force and effect that it is given in the state court, if contrary to rule declared.

In Bankruptcy. In the matter of the alleged bankruptcy of William G. Eads and wife. On petition for adjudication. Adjudication denied.

Thos. L. O'Leary, of Olympia, Wash., for petitioning creditor Klopfenstein.

Troy & Yantis, of Olympia, Wash., for alleged bankrupts.

CUSHMAN, District Judge. [1] The alleged bankrupts resist adjudication. Upon the hearing, all issues made by the petition and answer were determined, except one of law.

Petitioning creditor cites: 7 C. J. p. 299, § 480; Lewis v. Roberts, 267 U. S. 467, 45 S. Ct. 357, 89 L. Ed. 739, 5 Am. Bankr. Rep. (N. S.) p. 667; 7 C. J. p. 68; section 63a, subd. 1, Bankruptcy Act (Comp. St. § 9647); In re Hanyan (D. C.) 180 F. 498; In re Hornstein (D. C.) 122 F. 266; In re Bevins (C. C. A.) 165 F. 434; Lewis F. Ferry & Whitney Co. (D. C.) 172 F. 745; In re Swift (C. C. A.) 112 F. 315; In re Semmel (D. C.) 118 F. 487; Synnott v. Tombstone Consol. Mines Co. (C. C. A.) 208 F. 251; In re Van Horn (C. C. A.) 246 F. 822; In re Paige Motor Car Co. (D. C.) 251 F. 318; Phenix Nat. Bank v. Waterbury, 123 App. Div. 453, 108 N. Y. S. 391, 20 Am. Bankr. Rep. 140; In re Neff (C. C. A.) 157 F. 57, 28 L. R. A. (N. S.) 349; County Com. v. Hurley (C. C. A.) 169 F. 92; 431—1 Rem. Stat. 1921; In re Frederick L. Grant Shoe Co. (C. C. A.) 130 F. 881; 26 R. C. L. p. 735.

Alleged bankrupts cite: In re Ostrom et al. (D. C.) 185 F. 988, 26 Am. Bankr. Rep. 273; Jefferson Transfer Co. v. Hull, 166 Wis. 438, 166 N. W. 1, 40 Am. Bankr. Rep. 844; Moore v. Douglas (C. C. A.) 230 F. 399, 36 Am. Bankr. Rep. 740; Stauffer v. Remick, 37 Kan. 454, 15 P. 584; Thayer v. Southwick, 8 Gray (Mass.) 229; 33 C. J. p. 1053; section 63a, Bankruptcy Act; 7 C. J. p. 174, par. 277, note 49; 7 C. J. 46; 7 C. J. 48; section 1, Bankruptcy Act 1898 (Comp. St. § 9585).

Were the bankrupts insolvent at the time of the alleged acts of bankruptcy? They were not, unless a verdict for $10,000 in petitioner's favor, recovered on June 2, 1926, was a debt within the meaning of the Bankruptcy Act. A verdict was returned against the alleged bankrupts and others, in a suit for wrongful death because of alleged negligence. Judgment on the verdict was rendered on June 14th; between June 2d and June 14th the alleged bankrupts made certain payments and transfers of property to certain of their creditors, which payments and transfers constituted the alleged acts of bankruptcy.

Section 3 of the Bankruptcy Act (Comp. St. § 9587) provides:

"Acts of bankruptcy by a person shall consist of his having * * * (2) transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors. * * *"

Section 1, subd. 15, of the act, provides:

"A person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property, exclusive of any property which he may have conveyed, trans-

ferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts."

Section 1, subsection 11, of the act, provides:

" 'Debt' shall include any debt, demand, or claim provable in bankruptcy."

Section 63 of the act, subdivisions (a) and (b), provide:

(a) "Debts of the bankrupt may be proved and allowed against his estate which are: (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; * * * *(5) founded upon provable debts reduced to judgments after the filing* * * * *of the bankrupt's application for a discharge, less costs incurred and interest accrued after the filing of the petition and up to the time of the entry of such judgments.* * * * (Italics those of the court, and not the statute.)

(b) "Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate."

While judgment upon a pure tort is a "provable debt" (Moore v. Douglas [C. C. A.] 230 F. 399); a claim upon a verdict for such a tort is not (In re Ostrom et al. [D. C.] 185 F. 988). To so hold would be a straining of the language of section 63, if it did not render it, in part, meaningless.

It is argued for petitioner that, whatever the general rule may be, under the Washington statute such a claim is a provable debt. Section 431—1, Rem. Comp. Stat. of Wash., provides:

"The clerk on the return of a verdict shall forthwith enter the same in the execution docket, specifying the amount thereof, and the names of the parties to the action and the party or parties against whom the verdict is rendered; such entry shall be indexed in the record index and shall conform as near as may be to entries of judgments required to be made in such execution docket. On the entry of such verdict as herein provided, the same shall be notice to all the world of the rendition thereof, and any person subsequently acquiring title to or a lien upon the real property of the party or parties against whom the verdict is returned shall be deemed to have acquired such title or lien with notice, and such title or lien shall be subject and inferior to any judgment afterwards entered on the verdict."

[2] This argument cannot prevail. This section provides for the giving of notice of what thereafter may by judgment become a "debt" and lien upon real estate. As pointed out by the court in Moore v. Douglas, supra, the bankruptcy court will not give in this respect a judgment (and, of course, a verdict) the same force and effect that is given it in the state court, because section 63 of the Bankruptcy Act has made the rule by which the bankruptcy court must be governed.

Adjudication denied.